PER CURIAM.
Defendant seeks review of his convictions and sentences, as a principal for second degree [felony] murder, attempted second degree murder, three counts of robbery with a firearm; aggravated battery, and unlawful possession of a firearm while engaged in a criminal offense.
In 1986, an armed robbery was perpetrated by 3 persons [Poindexter, Eades, Hussain] wearing ski masks and carrying firearms at a party being held by the Chinese Restaurant Association in Miami. After disabling the doorman by hitting him with the butt of a gun, the robbers fired one shot which injured one of the victims and told all the partygoers to give up all their money and jewelry and to lie down on the floor. During the commission of the robbery, the doorman regained consciousness and summoned police. When the police arrived, the robbers attempted to shoot their way out. A police officer returning fire shot one of the robbers [Hussain] and he died. The remaining two robbers, the defendant’s brother, and another Chinese man who got the door opened for the actual perpetrators, plus the defendant were arrested and charged with the crimes.
At trial, the state presented testimony from one of the robbers, Poindexter, to the effect that defendant, a restaurant owner and Poindexter’s former employer, contacted Poindexter to help him set up a robbery of a gambling party. He requested that Poindexter recruit others to assist as well. Poindexter got Eades and Hussain to go with him to a meeting with defendant and his brother where they testified defendant presented them with a detailed plan to stage the robbery with guns and masks and told them they would all split the money, but that defendant would get all the jewelry. Poindexter and Eades testified that they went with defendant to case the location and to rent a nearby hotel room prior to the robbery. It was the plan that defendant would act as a lookout while his brother waited in the getaway car until the robbery was completed. Several of the robbery victims testified that when they saw him after the robbery in the police station, he told them to “let it lie,” i.e., implying that he did not want them to give information to the police. Eades testified that the defendant offered him $20,000 to not implicate him in the scheme. On cross examination, Eades testified that he was afraid of defendant and on redirect the state elicited Eade’s testimony, over defense objection, that he was afraid of de *1131 fendant because of the robbery and his offer of $20,000 hush money.
In his own defense, defendant attempted to show that he was only in the vicinity of the robbery because he had taken his brother to the party at the brother’s request. On the state’s hearsay objection, the defendant was precluded from arguing on opening or testifying on direct that his brother had asked him to take him to the party. Defendant was not prohibited from calling his brother as a witness. Defendant essentially denied any involvement in the scheme. He was precluded from asking the police officer who shot Hussain whether he had been given his Miranda rights before he spoke to internal affairs investigators. The jury convicted defendant on the charges heretofore set forth. The court reclassified the second degree murder charge to a life felony and the attempted second degree murder charge to a first degree felony because of the use of a firearm pursuant to section 775.081, Florida Statutes (1987). Defendant seeks review.
The defendant contends 1) that the court impeded defendant’s defense by refusing to admit the statements of defendant’s brother concerning defendant’s reasons for being in Miami. The statements were offered only to show their effect on defendant’s actions, not for their truth, 2) that Poindex-ter and Eade’s hearsay statements were improperly admitted since they were not made within the course of the conspiracy, 3) Eade’s redirect testimony was erroneously admitted and prejudicial since it was not on the subject of cross and defendant did not open the door because Eades volunteered on cross that he was afraid of defendant, 4) that the court unduly restricted defendant’s cross examination of the police officer concerning the circumstances surrounding his statement to the internal affairs investigators, 5) that the judgment of acquittal was required on (a) the felony murder charge since participation in a conspiracy does not prove liability; (b) the attempted murder charge since there was no proof that defendant specifically intended the robbers to shoot at the officer or of any overt act done by defendant; and (c) the aggravated assault charge since there was no proof of specific intent, 6) that the defendant’s constitutional rights to a speedy trial were violated. His requested continuances were required by the state’s late amendments to its’ witnesses including the codefendants, 7) that it was error to deny the requested standard alibi instruction where there was evidence supporting it, and 8) that reclassification of the crimes was improper where, at best, there was only vicarious possession of a firearm. We find no error, except as to the enhancement of sentencing and affirm. Staten v. State, 519 So.2d 622 (Fla.1988); Goodwin v. State, 405 So.2d 170 (Fla.1981); Hinton v. State, 347 So.2d 1079, 1080 (Fla. 3d DCA), cert. denied, 354 So.2d 981 (Fla.1977); Section 90.801(1)(c), Florida Statutes (1985); Section 90.803(18)(e), Florida Statutes (1985); Maggard v. State, 399 So.2d 973 (Fla.1981) cert. denied, 454 U.S. 1059, 102 S.Ct. 610, 70 L.Ed.2d 598 (1981); Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); United States v. Lustig, 555 F.2d 751 (9th Cir.1977).
As to the enhancement of the second degree murder sentence to a life felony and the enhancement of the attempted second degree murder to first degree murder charge, the court erred under the reasoning found in Willingham v. State, 541 So.2d 1240 (Fla. 3d DCA 1989) and therefore we affirm all the convictions and affirm the sentencing except as to the two convictions which were enhanced as indicated above, and return the matter to the trial court for resentencing as to the conviction for second degree murder and attempted second degree murder.
Affirmed in part and remanded with directions.