PER CURIAM.
The State appeals an order granting relief under Rule 3.850, Florida Rules of Criminal Procedure. We affirm.
Defendant was convicted of attempted first degree murder. The evidence showed that when police attempted to pull over defendant’s vehicle, defendant fled at high speed. During the chase, the passenger picked up a rifle and began shooting at the pursuing officers.[1] Upon conviction, defendant’s sentence was enhanced pursuant to subsection 775.087(1), Florida Statutes (1983), which provided for enhancement of the degree of felony when “[t]he defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm....” The defendant was convicted of two counts of attempted first degree murder, and sentenced pursuant to the statute just cited. By motion for post-conviction relief he asserted that the enhancement under the statute was illegal because the codefend-ant, not the defendant, possessed the firearm during the attempted murders. The trial court agreed and we affirm.
This court has previously ruled that “the enhancement provisions of section 775.-087(1), Florida Statutes (1977), ... require that the defendant personally possess the weapon during the commission of the crime involved.” Postell v. State, 383 So.2d 1159, 1162 (Fla. 3d DCA 1980). The trial court’s ruling correctly followed Postell; Williagham v. State, 541 So.2d 1240 (Fla. 2d DCA), review denied, 548 So.2d 663 (Fla.1989); and Ngai v. State, 556 So.2d 1130, 1131 (Fla. 3d DCA 1989).
The State asserts that if we sustain the trial court’s ruling this decision will conflict with Menendez v. State, 521 So.2d 210 (Fla. 1st DCA 1988). We do not agree. This case is distinguishable from Menendez, in which the defendant was convicted of trafficking in cocaine while in possession of a firearm. In that case the defendant constructively possessed a firearm while the elements of the crime of trafficking were committed. Id. at 212.
In this case the defendant, Rodriguez, was convicted of attempted first degree murder. The State argues that, like the defendant in Menendez, Rodriguez constructively possessed the gun during the commission of the attempted murder. However, while the crime of attempted murder was being committed in the present ease, Rodriguez’ codefendant was in exclusive possession of the gun. This case is factually similar to Willingham v. State, in which the defendant’s codefendant had possession of a gun during a drug transaction. 541 So.2d at 1241. The court held that the defendant could not be reclassified to a higher felony when his codefendant had exclusive possession of a firearm during the commission of the crime for which the defendant was charged.[2] Id. at 1241-42.
We therefore affirm the trial court order.

. The facts of this case are set forth in Rodriguez v. State, 528 So.2d 1373 (Fla. 3d DCA 1988).

. The attempted murder in this case occurred when Rodriguez' codefendant was shooting at the police, not when Rodriguez and his code-fendant were trying to evade the police, at which time the rifle was apparently lying on the seat between the occupants of the car.