WIGGINTON, Judge.
Appellant appeals a judgment and sentence in which he was found guilty of armed robbery and armed kidnapping. He challenges his armed robbery conviction and the reclassification of his kidnapping conviction from a first-degree felony punishable by life to a life felony, which was the primary offense for sentencing guidelines scoresheet purposes. We affirm.
Appellant first asserts that the trial judge erred in denying his motion for judgment of acquittal on the armed robbery count because the evidence was insufficient to establish that he was a principal in the commission of that particular offense. We find that denial of the motion was proper because the evidence clearly supports a determination that, as a participant in a criminal scheme, appellant was a principal in that offense pursuant to section 777.011, Florida Statutes. As stated in Jacobs v. State, 396 So.2d 713 (Fla.1981):
One who participates with another in a common criminal scheme is guilty of all crimes committed in furtherance of that scheme regardless of whether he or she physically participates in that crime. [Citations omitted]
Appellant next asserts that the trial judge erred in sentencing him based on a scoresheet that reclassified the kidnapping count as a life felony pursuant to section 775.087(1), Florida Statutes, since the evidence showed that only appellant’s co-perpetrator had actual possession of a firearm during the commission of their crimes. The evidence shows that appellant actively participated in the kidnapping of the victim, and, during the commission of the crime, his co-perpetrator wielded a gun and snatched gold chains from the victim’s neck. Appellant relies upon Willingham v. State, 541 So.2d 1240 (Fla. 2d DCA 1989), review denied, 548 So.2d 663 (Fla.1989), in which the court held that application of section 775.087(1) requires proof that the defendant actually carried or used a weapon during the course of an offense. See also Ngai v. State, 556 So.2d 1130 (Fla. 3d DCA 1989) and State v. Rodriguez, 582 So.2d 1189 (Fla. 3d DCA 1991).
In Rodriguez, the defendant led police on a high speed chase while his accomplice shot at them. Under the principal theory, the defendant was convicted of attempted first-degree murder which was reclassified *583 under section 775.087(1). On appeal, the court found the reclassification to be error since the defendant did not have actual possession of the firearm. On rehearing, the court certified to the supreme court the question of whether the enhancement provision of section 775.087(1) extends to one who does not actually possess the weapon but who commits an overt act in furtherance of its use by a co-perpetrator. Since that case is still pending, we do not now have the benefit of the supreme court’s resolution of this matter.
We are of the view that the intent of section 775.087(1) is to deter the use of firearms and other weapons during the commission of criminal offenses. We note that section 777.011, Florida Statutes, provides that one who aids in the commission of an offense is to be punished as if he actually committed the offense. Therefore, to give meaning to the obvious intent of the two statutes when read in pari mate-ria, we find that when one is guilty as a principal in the commission of a criminal offense or offenses, if during the commission of that criminal scheme either he or his accomplice wields a weapon in furtherance of the criminal scheme, application of section 775.087(1) to enhance his offense is proper. In so holding, we reject the Will-ingham requirement of actual physical possession of the firearm on the part of the defendant in all circumstances. Thus, we specifically recognize our direct conflict on this point with Willingham, Rodriguez and Ngai and trust that the conflict will be reconciled by the supreme court’s review of the certified question in Rodriguez.
We find support for our position in this court’s previous opinion in Menendez v. State, 521 So.2d 210 (Fla. 1st DCA 1988) in which, on admittedly different facts, the court found that
an offender does not have to have physical possession of the firearm under [775.-087(1)]; but if the firearm is readily available to him, that is sufficient.
In our view, the key factor to be considered for application of section 775.087(1) is whether the defendant had the advantage of the presence of a weapon during the commission of an offense in which he took an active part and relied upon the weapon at least in part in the furtherance of the offense.
AFFIRMED.
SMITH and KAHN, JJ., concur.