602 So.2d 1270 (1992)
STATE of Florida, Petitioner,
v.
Anibal RODRIGUEZ, Respondent.
No. 77859.
Supreme Court of Florida.
July 2, 1992.
*1271 Robert A. Butterworth, Atty. Gen., and Jorge Espinosa and Michael J. Neimand, Asst. Attys. Gen., Miami, for petitioner.
Bennet H. Brummer, Public Defender and Michel Ociacovski Weisz, Sp. Asst. Public Defender, Eleventh Judicial Circuit, Miami, for respondent.
OVERTON, Justice.
We have for review State v. Rodriguez, 582 So.2d 1189 (Fla. 3d DCA 1991), in which the Third District Court of Appeal certified the following question as being of great public importance:
Does the enhancement provision of subsection 775.087(1), Florida Statutes (1983), extend to persons who do not actually possess the weapon but who commit an overt act in furtherance of its use by a coperpetrator?
Id. at 1191.
We have jurisdiction[1] and answer the question in the negative, finding, in accordance with the district court decision, that section 775.087(1) does not, by its terms, allow for vicarious enhancement because of the action of a codefendant.
The relevant facts reflect that Rodriguez was charged with an attempt to commit murder in the first degree upon allegations that he and his codefendant fired a deadly weapon at Officer Kenneth Nelson, in violation of sections 782.04(1), 777.04(1), and 775.087, Florida Statutes (1983). The evidence established that, when the police attempted to pull over Rodriguez's vehicle, he fled at high speed. During the chase, a passenger in Rodriguez's car picked up a rifle and began shooting at the pursuing officers. Rodriguez and his codefendant were apprehended and charged by information as previously noted. Rodriguez was convicted of attempted first-degree murder. His sentence was enhanced on the grounds that he "used" the firearm in the commission of this offense. The issue in this proceeding is the enhancement of the sentence under section 775.087(1), which reads as follows:
(1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
(a) In the case of a felony of the first degree, to a life felony.
(b) In the case of a felony of the second degree, to a felony of the first degree.
(c) In the case of a felony of the third degree, to a felony of the second degree.
§ 775.087(1), Fla. Stat. (1983) (emphasis added). In this instance, both parties agree that the reclassified sentence would be a life sentence.
Rodriguez filed a motion for postconviction relief, asserting that he was improperly sentenced because of application of the enhancement provision. The trial court granted relief, finding that "the firearm described in the information as that used *1272 during the commission of the attempted murder was at no time carried, displayed, used, or attempted to be used by this Defendant." The trial court concluded that Rodriguez was improperly sentenced under a life-felony standard and directed that he be resentenced for attempted first-degree murder under sections 782.04(1) and 777.04.
On appeal, the Third District Court of Appeal affirmed, noting that it had "previously ruled that `the enhancement provisions of section 775.087(1) ... require that the defendant personally possess the weapon during the commission of the crime involved.'" Rodriguez, 582 So.2d at 1190 (quoting Postell v. State, 383 So.2d 1159, 1162 (Fla. 3d DCA 1980)). See also Willingham v. State, 541 So.2d 1240 (Fla. 2d DCA), review denied, 548 So.2d 663 (Fla. 1989); Ngai v. State, 556 So.2d 1130 (Fla. 3d DCA 1989).
The State argues that this case should be controlled by Menendez v. State, 521 So.2d 210 (Fla. 1st DCA 1988). In Menendez, the defendant was convicted of trafficking in cocaine and was found to have personally possessed the weapon during the commission of the felony. Both the trial court and the district court in this proceeding held that Menendez was distinguishable. We agree that Menendez should not apply because the factual circumstances are distinguishable. We hold that, when a defendant is charged with a felony involving the "use" of a weapon, his or her sentence cannot be enhanced under section 775.087(1) without evidence establishing that the defendant had personal possession of the weapon during the commission of the felony. In this case, the evidence plainly establishes that Rodriguez did not have personal possession of the rifle during the commission of the felony. We reject the State's contention that Rodriguez's sentence should be enhanced on the theory of constructive or vicarious possession based on the conduct of the codefendant.
We hold that the statute in this instance does not allow that construction or interpretation. See Postell; Willingham; Ngai. Interestingly, Rodriguez's sentence could have been enhanced under the statute if the State had charged him with the commission of a felony while carrying the pistol that was found on his person after the chase. The failure of the State to properly charge Rodriguez precludes it from enhancing his sentence under the carrying portion of the statute.
For the reasons expressed, we answer the question in the negative and approve the decision of the district court.
It is so ordered.
BARKETT, C.J., and McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] Art. V, § 3(b)(4), Fla. Const.