OPINION ON REMAND
WIGGINTON, Judge.
In Robins v. State, 587 So.2d 581 (Fla. 1st DCA 1991), we affirmed a judgment and sentence finding appellant guilty of armed robbery and armed kidnapping. In that appeal, appellant challenged his armed robbery conviction and the reclassification of his kidnapping conviction, which was the primary offense for sentencing guidelines scoresheet purposes, from a first degree felony punishable by life to a life felony pursuant to section 775.087(1), Florida Statutes.
In Robins v. State, 602 So.2d 1272 (Fla.1992), the supreme court quashed our decision in this case on the issue of the reclassi *723 fication of the kidnapping conviction pursuant to section 775.087(1), ruling that actual physical possession of a weapon during the commission of a crime is required for an offense to be reclassified under that statute. State v. Rodriguez, 602 So.2d 1270 (Fla.1992).
After reviewing upon remand the issues in this case in light of the supreme court’s ruling, we again affirm as to the armed robbery issue but reverse on the reclassification of the kidnapping count since appellant did not have actual physical possession of the gun wielded by the co-perpetrator of his crimes, and remand to the trial court for resentencing.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with the supreme court’s decision in this matter.
SMITH and KAHN, JJ., concur.