PER CURIAM.
Joshua Williams (Williams) appeals the denial of his motion to correct his sentence and scoresheet pursuant to Florida Rule of Criminal Procedure 3.800(a). Williams was charged by indictment with committing one count of first-degree murder and two counts of armed robbery. A jury found him guilty of the lesser-ineluded offense of second-degree murder, the lesser-ineluded offense of attempted robbery with a firearm, and robbery with a firearm. On a special verdict form on each count, the jury expressly found “a firearm not in his physical possession was used.” Williams was sentenced to a total of 40 years imprisonment.[1] Of the various issues raised in his rule 3.800(a) motion, we reverse on the issue of the trial court’s reclassification of his second-degree murder conviction, and affirm, without discussion, all remaining issues.
Williams’ second-degree murder conviction was reclassified from a first-degree felony punishable by life imprisonment to a life felony pursuant to the enhancement provisions of section 775.087(1), Florida Statutes (1989).[2] §§ 782.04(2), 775.087, Fla.Stat. (1989). Nevertheless, Williams’ murder sentence cannot be enhanced under section 775.087(1) where the jury specifically found “a firearm not in his physical possession was used” in the course of committing the murder. State v. Rodriguez, 602 So.2d 1270, 1272 (Fla.1992) (“when a defendant is charged with a felony involving the ‘use’ of a weapon, his or her sentence cannot be enhanced under section 775.087(1) without evidence establishing that the defendant had personal possession of the weapon during the commission of the felony”). In view of the jury’s specific finding, the reclassification of Williams’ murder sentence to a life felony under the statute is improper.
Accordingly, we remand for resen-tencing on all counts, as correction of the enhancement error may affect the sentencing range under the scoresheet. However, since the initial sentences were based upon an inaccurate scoresheet, we note that the trial court may consider the imposition of any sentence which would have otherwise been permissible at the initial sentencing hearing. See Roberts v. State, 547 So.2d 129 (Fla. 1989).
WEBSTER, MICKLE and LAWRENCE, JJ., concur.

. He was sentenced to 40 years imprisonment on the murder charge, 15 years imprisonment on the attempted robbery charge, and 40 years imprisonment on the robbery charge, all sentences to run concurrently.

. The enhancement presumably was done pursuant to subsection (1) of section 775.087 because subsection (2) expressly requires the defendant to have had a firearm in his possession and imposes a 3-year minimum mandatory term. The instant case meets neither requirement.