PER CURIAM.
This is an appeal by the defendant Sarah Vaughan from multiple judgments of conviction and sentences imposed below upon a negotiated guilty plea. The defendant’s sole point on appeal is that the trial court erred in sentencing the defendant to 84 months in the state prison in lower court case no. 94-751; the defendant raises no points on appeal concerning the remaining judgments of conviction and sentences under review. We affirm.
In case no. 94-751, the defendant was charged with “home-invasion robbery with a firearm;” home-invasion robbery, in turn, is a first-degree felony [§ 812.135 (1993) ], which when committed with a firearm is reclassified as a life felony [§ 775.087(l)(a), Fla. Stat. (1993) ] for which a three-year mandatory minimum sentence may be applicable [§ 775.087(l)(b), Fla.Stat. (1993) ]. In the written plea agreement entered into by the parties below, the defendant pled guilty to “Armed Robbery (Lesser Included Offense)” and admitted the violations of probation charged in three of the remaining cases against her; the prosecutor agreed to recommend a guidelines sentence in these cases, without a three-year mandatory minimum sentence, and to dismiss one of the probation violation cases charged against the defendant; the court agreed to accept the plea agreement without making any promises as to the sentence to be imposed.
In the sentencing guidelines scoresheet, the armed robbery as a lesser included offense was scored, after an unopposed amendment to same in open court, as an armed robbery with a firearm, a first-degree felony punishable by life imprisonment [§ 812.13(2)(a), Fla.Stat. (1993) ], resulting in a permissible guidelines sentence of 55.5-92.5 months imprisonment. The defendant argues that this was an erroneous scoring because, it is urged, armed robbery with a firearm is not a necessarily included offense within the charged offense of home invasion robbery with a firearm, as the plea agreement contemplated because both offenses are first-degree felonies; consequently, it is urged that the offense should have been scored as an armed robbery without a firearm or deadly weapon, a first-degree felony [§ 812.13(2)(b), Fla.Stat. (1993) ], which admittedly would have yielded a lower point scoring and a permissible guidelines range of 42.7-71.2 months imprisonment.
We disagree because, as previously stated, home invasion robbery with a firearm is a life felony and is clearly a more serious offense than armed robbery with a firearm, a first-degree felony punishable by life imprisonment. It is true, as the defendant contends, that the state (a) would have to prove that the defendant personally possessed a firearm in the charged home invasion robbery with a firearm in order convict the defendant as charged, State v. Rodriguez, 602 So.2d 1270 (Fla.1992), and (b) could not have done so in this case as there was no evidence that the defendant personally possessed a firearm during the charged incident. This anticipated failure of proof at trial, however, does not affect the nature of the crime alleged in the information — which was a home invasion robbery with a firearm, a life felony; indeed, this failure of proof may have induced the state to accept a guilty plea below to the lesser included offense of armed robbery with a firearm. Consequently, the trial court was entirely proper in sentencing the defendant to 84 months in the state prison for armed robbery as a first-degree felony punishable by life imprisonment because this was a necessarily included offense of home invasion robbery with a firearm as contemplated by the plea agreement.
Affirmed.