676 So.2d 31 (1996)
Raymundo REYES, Appellant,
v.
STATE of Florida, Appellee.
No. 96-01165.
District Court of Appeal of Florida, Second District.
June 19, 1996.
PER CURIAM.
Raymundo Reyes appeals the denial of his motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the trial court failed to attach the portions of the record supporting its order, we reverse.
According to the motion, Reyes was convicted in 1983 of second-degree murder and robbery. Under section 775.087, Florida Statutes (1981), the convictions were enhanced to life felonies based on the possession of a firearm and Reyes was sentenced to life with a three-year minimum mandatory. Reyes contends that the enhancements and minimum mandatory sentence are illegal because he was not in physical possession of a firearm.
The trial court's order stated that the jury made a specific finding Reyes possessed a firearm. The trial court thus denied relief, holding that a motion under rule 3.800 was not a proper avenue to challenge the jury's verdict. The trial court did not provide any attachments showing the jury's verdict and findings.
[B]efore a trial court may enhance a defendant's sentence or apply the mandatory minimum sentence for use of a firearm, the jury must make a finding that the defendant committed the crime while using a firearm either by finding him guilty of a crime which involves a firearm or by answering a specific question of a special verdict form so indicating.
State v. Overfelt, 457 So.2d 1385, 1387 (Fla. 1984) (quoting with approval Overfelt v. State, 434 So.2d 945 (Fla. 4th DCA 1983)). See also Williams v. State, 656 So.2d 574 (Fla. 1st DCA 1995) (remanding for correction of illegally enhanced sentence when jury made finding that defendant did not possess firearm).
On remand, the trial court may again deny relief if it attaches the portions of the record that demonstrate the necessary findings by the jury.
Reversed and remanded.
BLUE, A.C.J., and FULMER and WHATLEY, JJ., concur.