MICKLE, Judge.
This is an appeal of an order denying the appellant’s motion to correct illegal sentence. The motion alleged three grounds for relief. We conclude that the second ground for relief is legally insufficient pursuant to Hair v. State, 503 So.2d 449 (Fla. 2d DCA 1987) (defendant’s failure to seek appellate review of alleged error in departure from guidelines sentence precluded trial court from considering issue upon motion for post-conviction relief), and that the third ground failed to allege any breach of the rules of criminal procedure. The first ground for relief alleged the inaccurate or improper preparation of the appellant’s sentencing guidelines scoresheet relating to “points for additional cases for probation violation and prior record.” The trial court determined that the scoresheet was properly scored. However, the scoresheet is not included in the record on appeal, and without it, we are unable to determine whether the allegations in Ground One have merit. Accordingly, we affirm the order as to Grounds Two and Three, reverse as to Ground One, and remand for attachment of any pertinent documents that refute the appellant’s claim. Zygadlo v. State, 676 So.2d 1015 (Fla. 5th DCA 1996) (reversing order denying rule 3.800(a) motion seeking jail credit, and remanding for attachment of documents refuting the appellant’s claim or for amendment of judgment/sentence to provide additional credit); Reyes v. State, 676 So.2d 31 (Fla. 2d DCA 1996) (remanding for attachments showing jury’s verdict or justifying denial of rule 3.800(a) motion questioning whether verdict included specific finding that the appellant had possessed a firearm).
AFFIRMED in part, REVERSED in part, and REMANDED with instructions.
ALLEN and WEBSTER, JJ., concur.