PER CURIAM.
Patricia Ann Ash appeals the denial of her application for certification as a Board Certified Appellate Lawyer. We have jurisdiction. Art. V, § 15, Fla. Const. We affirm.
Ash applied for certification in appellate law on December 8, 1993, and took the exam March 9, 1994. She failed to achieve a passing grade. She subsequently filed a “short form” reapplication in August 1994, but prior to administration of the second exam, was notified by letter dated January 19, 1995, that the Appellate Practice Certification Committee (the Committee) had recommended, and the Board of Legal Specialization and Education had affirmed, that she be denied certification based on adverse peer review. Ash nevertheless took the exam as an unapproved applicant and was notified on August 1, 1995, that she had passed. The Committee subsequently learned that Ash had failed to disclose a show cause order entered against her by the Third District Court of Appeal (the DCA) on May 17, 1993, and the Committee amended its earlier denial to state that the grounds for denial was failure to disclose the show cause order. Ash appealed and the Certification Plan Appeals Committee affirmed. Ash again appealed, and the full Board of Governors (the Board of Governors) of The Florida Bar (the Bar) affirmed. Ash now appeals before this Court.
Ash contends that the Bar erred in denying her application for certification. She
claims that the denial was based on “no evidence” and was “arbitrary, capricious, and unwarranted.” We disagree.
The application form for certification in a specialty poses a number of questions to the applicant, including the following:
F. Record of Professional Ethics and Competence.
[[Image here]]
4. List and explain all cases in which your competence or conduct was raised as a basis for [ ] relief requested by opposing counsel or by the court including but [not] limited to a new trial, new appeal, dismissal or reversal. Enclose a copy of relevant documents in these cases.
[[Image here]]
5. List and explain all cases in which your conduct was adversely commented upon in writing by a judge or determined to be error whether harmless or not.
The application form concludes with a sworn certification of truthfulness and an express agreement that failure to truthfully disclose the required information can be grounds for denial of certification and for disciplinary action by the Bar:
I, _, being duly sworn, have carefully read the foregoing application and certify the information herein is true. I fully understand failure to make a truthful disclosure of any fact or item of information required may result in the denial of my application, revocation of my Board Certified Appellate Lawyer Certificate if granted, or disciplinary action by The Florida Bar.
Signature of Applicant
Ash responded to questions 4 and 5 on her initial application[1] with an entry indicating that the questions were inapplicable to her record: “N/A.” She filled in her full name at the conclusion of the application and signed the document.
The information that Ash failed to disclose to the Committee was the entry of a show *554 cause order seven months earlier by the Third District Court of Appeal questioning her performance as an Assistant Attorney General in a pending habeas corpus petition:
Upon review of the State’s Response to Petition for Writ of Habeas Corpus served March 25,1993, by Patricia Ash, it appears to this court that:
(a) The State placed its reliance on Robins v. State, 587 So.2d 581 (Fla. 1st DCA 1991), without disclosing that Robins was quashed by Robins v. State, 602 So.2d 1272 (Fla.1992).
(b) The State failed to disclose decisions of this district which are in conflict with Robins, even though the First District Robins decision specifically states that conflict exists. 587 So.2d at 583.
(c) The State failed to discover or disclose that one of the above-mentioned conflicting decisions of this court, State v. Rodriguez, 582 So.2d 1189 (Fla. 3d DCA 1991), was approved by the Florida Supreme Court in State v. Rodriguez, 602 So.2d 1270 (Fla.1992), even though the First District Robins decision discussed Rodriguez and the fact that the Rodriguez certified question was then pending in the Florida Supreme Court. 587 So.2d at 583.
(d) The State argued that Hall v. State, 517 So.2d 678 (Fla.1988), was superseded by section 775.021(4), Fla. Stat. (1991) (amended effective Oct. 1, 1988, by ch. 88-131, Laws of Fla.). A review of the subsequent history of Hall would have disclosed Cleveland v. State, 587 So.2d 1145 (Fla.1991), in which the Florida Supreme Court rejected this precise argument and held that Hall is still good law.
(e) The State argued that the controlling version of section 775.021(4) is determined by the date of conviction. The Florida Supreme Court has held that the relevant date is the date of the offense, not the date of the conviction. State v. Smith, 547 So.2d 613 (Fla.1989).
Upon consideration of the foregoing it is ordered that:
1.The Response to Petition for Writ of Habeas Corpus is stricken and a new Response shall be filed within 20 days by such counsel as the Attorney General may designate.
2. Patricia Ash shall show cause in writing within 20 days why sanctions should not be imposed on her for the above-mentioned deficiencies in the-Response served March 25,1993.
3. Except for the response required in Paragraph 2, any further filing by Patricia Ash in the present case must also be signed by a supervising attorney.
4. The Clerk shall furnish this order to Honorable Robert Butterworth and Richard L. Polin, Esq., in addition to those who previously appeared in this proceeding. BASKIN, FERGUSON AND COPE, JJ., concur.
As is evident from the plain language of questions 4 and 5 above and the clear wording of the DCA’s show cause order, this is a document that Ash was unequivocally required to disclose on her application. Question 4 requires disclosure of “all eases in which your competence or conduct was raised ... by the court,” and question 5 requires disclosure of “all cases in which your conduct was adversely commented upon in writing by a judge.” There is no ambiguity in these questions or in the show cause order. Indeed, it is difficult to conceive of a clearer violation of the oath of truthfulness at the conclusion of the application. Pursuant to the terms of that oath, we now submit this matter, via issuance of this opinion, to The Florida Bar to determine whether any disciplinary rules were violated.
We affirm the Board of Governors’ order denying certification.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.

. These questions were not asked on the “short form” application that Ash filled out on reapplication.