PER CURIAM.
Larry Porter appeals the order of the trial court that denies in part and grants in part his motion for postconviction relief. We reverse the portion of the trial court’s order that addresses Porter’s sentencing claims and affirm the balance of the order without discussion.
Following vacation of Porter’s convictions for first-degree murder and attempted robbery, Porter, pursuant to a plea agreement, pleaded guilty to second-degree murder and attempted armed robbery. The court sentenced Porter to two concurrent terms of thirty-five years for each offense. He now challenges the denial of his motion which attacked these convictions and sentences.
The trial court, in accordance with the plea agreement, reclassified Porter’s second-degree murder charge to a life felony, based on the use of a firearm during the murder. During the plea colloquy, the prosecutor mentioned that Porter did not carry the firearm. If this is the case, Porter is not subject to the reclassification provisions of section 775.087, Florida Statutes (1989). See State v. Rodriguez, 602 So.2d 1270 (Fla.1992) (holding that section 775.087(1) does not permit vicarious enhancement). Second-degree murder is a first-degree felony, punishable by a term not exceeding life, and Porter’s sentence will not be affected by the correction of the classification of his crime. He negotiated a plea for a specific sentence, and the sentencing guidelines do not apply.
Porter was sentenced to thirty-five years for attempted robbery with a firearm.' Section 812.13, Florida Statutes (1989), classifies robbery with a firearm as a felony of the first-degree, punishable by life. Section 777.04(4)(b), Florida Statutes (1989), provides that an attempt to commit a first-degree felony constitutes a second-degree felony. The maximum sentence for a second-degree felony is fifteen years. Accordingly, the thirty-five year sentence exceeds the statutory maximum, is illegal, and is subject to correction in a postconvic *1120 tion proceeding. See Judge v. State, 596 So.2d 73 (Fla. 2d DCA 1991).
We reverse the order of the trial court, and direct it to reconsider these claims in light of this opinion. At resentencing on the attempted robbery, the State may elect to set aside the plea, if the corrected sentence deprives it of the benefit of the plea bargain, after which the State would be free to pursue a conviction for first-degree murder. See Daniels v. Smith, 478 So.2d 110 (Fla. 2d DCA 1985).
Affirmed in part, reversed in part, and remanded.
PATTERSON, A.C.J., and FULMER and NORTHCUTT, JJ., Concur.