837 So.2d 517 (2003)
The STATE of Florida, Appellant,
v.
R.C.S., a juvenile, Appellee.
No. 3D02-1011.
District Court of Appeal of Florida, Third District.
January 29, 2003.
Charlie Crist, Attorney General, and Linda S. Katz, Assistant Attorney General for appellant.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellee.
Before GREEN and FLETCHER, JJ., and NESBITT, Senior Judge.
NESBITT, Senior Judge.
The State appeals a final order entered by the trial court placing juvenile R.C.S. on probation, and ordering, among other things, that the juvenile complete 100 hours of community service. The State maintains that the trial court erred in failing to sentence the juvenile to a minimum period of fifteen days in a secured detention facility, as required by section 790.22(9)(a), Florida Statutes (2001).[1]
The juvenile entered a plea of nolo contendere to armed burglary with a firearm and theft of a firearm. At the disposition hearing which followed, the juvenile's counsel attempted to go behind the plea and claim that the boy was only in constructive possession of the firearm at issue because he acted solely as a lookout. Thus, counsel maintained, the mandatory detention provision of section 790.22(9)(a), did not have to be applied. Over the State's objection, the trial judge accepted *518 the juvenile's position, and failed to enter the mandatory detention. The State claims that in so ruling, the trial court committed per se reversible error, and we agree.
We are of the view that the legislature purposely intended the mandatory minimum detention provision of that section to act as an example of what might lie ahead should one persist in further criminal activity. We reject the juvenile's argument that we should analogize section 790.22(9), with section 775.087(1), Florida Statutes (1999).[2] Moreover, we do not think there is any ambiguity present because the subsection at issue expressly provides for such penalty for the "use" of a firearm. Here, even though the juvenile acted only as a lookout, he was involved in a crime which involved the use of a weapon. This was sufficient to mandate the minimum fifteen day detention at issue. Accordingly, we reverse the order under review and remand for additional sentencing.
NOTES
[1] Section 790.22 provides in part:

(9) Notwithstanding s. 985.214, if the minor is found to have committed an offense that involves the use or possession of a firearm, as defined in s. 790.001, other than a violation of subsection (3), or an offense during the commission of which the minor possessed a firearm, and the minor is not committed to a residential commitment program of the Department of Juvenile Justice, in addition to any other punishment provided by law, the court shall order:
(a) For a first offense, that the minor shall serve a minimum period of detention of 15 days in a secure detention facility; and
1. Perform 100 hours of community service; and may
2. Be placed on community control or in a nonresidential commitment program. (Emphasis added.)
[2] See State v. Rodriguez, 602 So.2d 1270 (Fla.1992)(concluding defendant's sentence could not be enhanced under section 775.087(1), without evidence of personal possession of the weapon at issue).