GROSS, C.J.
 

 We reverse that portion of appellant’s sentence reclassifying two third degree felonies as second degree felonies and otherwise affirm the convictions.
 

 The State of Florida charged Mario Juarez with: (1) robbery with a firearm;
 
 [1]
 
 (2) possession of a firearm while committing grand theft;
 
 [2]
 
 and (3) possession of a firearm while committing false imprisonment.
 
 [3]
 
 Three others — Boris Alvarenga, Joel Vicente, and Henry Santos — were also involved in the robbery, but Juarez was the only one on trial. The jury found Juarez guilty of robbery with a firearm, but also found that he did not actually possess the firearm. Similarly, the jury found him guilty of both grand theft and false imprisonment, and also found that he did not have actual possession of a firearm during either offense. The trial court adjudicated Juarez guilty of the three felonies and sentenced him to three concurrent terms of 14 years in prison. In doing so, the court reclassified the grand theft and false imprisonment charges as second degree felonies.
 

 Juarez correctly argues that the reclassification of the grand theft and false imprisonment charges was error because the
 
 *111
 
 jury found that he did not actually possess a firearm during either offense. The Supreme Court’s construction of section 775.087(1) in
 
 State v. Rodriguez,
 
 602 So.2d 1270 (Fla.1992), compels reversal.
 

 Grand theft and false imprisonment are typically charged as third-degree felonies.
 
 See
 
 § 812.014(2)(e), Fla. Stat. (2008) (grand theft); § 787.02(2), Fla. Stat. (2008) (false imprisonment). However, section 775.087(1), Florida Statutes (2008), provides for reclassification of felonies when a weapon or firearm is involved in a criminal offense in certain ways. As applied to this case, subsection 775.087(l)(c) mandates that a third degree felony be reclassified as a second degree felony when “during the commission of such felony the defendant carries, displays, uses, threatens to use, or attempts to use any weapon or firearm.” In
 
 Rodriguez,
 
 the Supreme Court construed this statutory language and answered this certified question in the negative:
 

 Does the enhancement provision of subsection 775.087(1), Florida Statutes (1983), extend to persons who do not actually possess the weapon but who commit an overt act in furtherance of its use by a coperpetrator?
 

 602 So.2d at 1271. The Supreme Court focused on the language of subsection 775.087(1), which requires that “the
 
 defendant”
 
 carry, display, use, threaten, or attempt to use any weapon or firearm.
 
 Id.
 
 (emphasis in original). Apparently applying the rule of lenity,
 
 [4]
 
 the Court held that
 

 When a defendant is charged with a felony involving the “use” of a weapon, his or her sentence cannot be enhanced under section 775.087(1) without evidence establishing that the defendant had personal possession of the weapon during the commission of the felony.
 

 602 So.2d at 1272. The Court explicitly rejected the idea that a defendant could be subject to reclassification under subsection 775.087(1) as a principal.
 
 [5]
 

 Id.
 

 Although section 775.087 was substantially amended in 1999,
 
 [6]
 
 the language of subsection (1) has not changed since the Supreme Court construed it in
 
 Rodriguez.
 

 Applying
 
 Rodriguez,
 
 we reverse the grand theft and false imprisonment sentences and remand for resentencing as third degree felonies.
 

 We briefly address the other points raised on appeal. The October 2008 date of the offense means that this case was “in the pipeline” when the Supreme Court decided
 
 Valdes v. State,
 
 3 So.3d 1067, 1071-74 (Fla.2009). “Pipeline cases are those cases pending on direct appellate review or are
 
 otherwise not yet final
 
 at the time of a pertinent change in the law.”
 
 State v. Ruiz,
 
 863 So.2d 1205, 1209 n. 6 (Fla.2003). Thus, Juarez may not take advantage of the “core offense” double jeopardy analysis that the Supreme Court rejected in
 
 Valdes. See Foster v. State,
 
 861 So.2d 434, 436 n. 1 (Fla. 1st DCA 2002). We find no fundamental error in the trial court’s use of the “and/or” locution in a jury instruction.
 
 See Garzon v. State,
 
 980 So.2d 1038, 1042 (Fla.2008);
 
 Bryant v. State,
 
 30 So.3d 591 (Fla. 2d DCA 2010). We find no abuse of discretion in the trial court’s admission in evidence of Juarez’s statement, which contained statements by the interrogating
 
 *112
 
 detective.
 
 See Eugene v. State,
 
 53 So.3d 1104 (Fla. 4th DCA 2011).
 

 Affirmed in part, reversed in part and remanded.
 

 HAZOURI and CIKLIN, JJ., concur.
 

 [1]
 

 . §§ 775.082(2)(a)l„ 812.13(1), (2)(a), Fla. Stat. (2008).
 

 [2]
 

 . §§ 775.087(1), 812.014(1), (2)(c), Fla. Stat. (2008).
 

 [3]
 

 .§§ 775.087(1), 787.02(2), Fla. Stat. (2008).
 

 [4]
 

 .§ 775.021(1), Fla. Stat. (2009) ("The provisions of this code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused.”).
 

 [6]
 

 .
 
 See
 
 Ch. 99-12, § 1, Laws of Fla.