WALLACE, Judge.
 

 Derrick R. Chase appeals his judgment and sentence for aggravated battery with great bodily harm and the use of a deadly weapon following a jury trial. He raises two arguments on appeal. First, Mr. Chase challenges the circuit court’s exclusion of certain impeachment evidence about a State witness. This argument is without merit and does not warrant further discussion.
 

 Mr. Chase also argues that the circuit court improperly reclassified his offense from a second-degree felony to a first-degree felony under section 775.087(1), Florida Statutes (2009). The circuit court reclassified the offense under the statute based upon the use of a weapon during the offense. However, the evidence shows that only Mr. Chase’s codefendant possessed and used the weapon during the offense. On appeal, the State concedes error. We agree with the parties that the circuit court erred in reclassifying Mr. Chase’s offense. “[W]hen a defendant is charged with a felony involving the ‘use’ of a weapon, his or her sentence cannot be enhanced under section 775.087(1) without evidence establishing that the defendant had personal possession of the weapon during the commission of the felony.”
 
 State v. Rodriguez,
 
 602 So.2d 1270, 1272 (Fla.1992);
 
 see also Porter v. State,
 
 737 So.2d 1119, 1119 (Fla. 2d DCA 1999) (citing
 
 Rodriguez
 
 for the proposition “that section 775.087(1) does not permit vicarious enhancement”).
 

 Accordingly, we affirm Mr. Chase’s conviction for aggravated battery with great bodily harm and the use of a deadly weapon. On remand, the circuit court shall correct the judgment to reflect Mr. Chase’s conviction for a second-degree felony. We reverse Mr. Chase’s sentence and remand for resentencing without reclassification under section 775.087(1).
 

 Affirmed in part and reversed and remanded in part.
 

 SILBERMAN, C.J., and MORRIS, J., Concur.