PER CURIAM.
The appellant, convicted of two counts of attempted murder in the first degree with *203 a firearm, filed a rule 3.800(a) motion arguing that his sentences have been illegally enhanced pursuant to section 775.087(1) from first-degree felonies to life felonies. The jury verdict form indicates that while the jury found the appellant guilty of the attempted murders, it specifically found the appellant did not actually possess a firearm during the commission of the offenses.
A defendant may not have his conviction reclassified to a higher degree felony under section 775.087(1) if he did not actually possess a firearm or other qualifying weapon. See Williams v. State, 622 So.2d 456, 465 (Fla.1993) (explaining that the state must prove a defendant has actual physical possession of the weapon to impose enhancement under either subsection (1) or (2) of section 775.087); Robins v. State, 602 So.2d 1272 (Fla.1992) (stating “actual physical possession of a weapon during the commission of a crime is required for the offense to be reclassified under section 775.087(1)[.]”); Williams v. State, 656 So.2d 574 (Fla. 1st DCA 1995) (reviewing an order denying a rule 3.800(a) motion and discussing that where a jury specifically finds that “ ‘a firearm not in [a defendant’s] physical possession was used’ in the course of committing” a murder, his sentence cannot be enhanced pursuant to section 775.087(1) unless the evidence indicates that he had “ ‘personal possession of the weapon during the commission of the felony.’ ”); Juarez v. State, 65 So.3d 110 (Fla. 4th DCA 2011) (noting that in State v. Rodriguez, 602 So.2d 1270 (Fla.1992), the supreme court held that a defendant’s qualifying felony conviction cannot be enhanced pursuant to section 775.087(1) unless the evidence establishes he had personal possession of a weapon; and moreover, a defendant’s conviction cannot be reclassified under this section if he is convicted under a Principal Theory).
Consequently, the trial court should not have reclassified the appellant’s convictions under section 775.087(1) to life felonies and imposed life sentences, as the jury specifically found the appellant did not actually physically possess a firearm.
We therefore reverse and remand for resentencing in accordance with this opinion.
REVERSED AND REMANDED.
LEWIS, C.J., BENTON, and MARSTILLER, JJ., concur.