NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| MICHELLE LEE POSTASKI, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D15-3384 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

Opinion filed November 4, 2016.

Appeal from the Circuit Court for Collier
County; Frederick R. Hardt, Judge.

Keith W. Upson of The Upson Law Group,
P.L., Naples, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Brandon R. Christian,
Assistant Attorney General, Tampa,
for Appellee.

MORRIS, Judge.

Michelle Lee Postaski appeals her convictions after a jury trial for one

count of armed burglary and two counts of aggravated battery with a deadly weapon

with great bodily harm. We affirm her convictions but reverse her written judgment and

sentences and remand for further proceedings.

On appeal, Postaski argues that her convictions for armed burglary and aggravated battery were improperly reclassified under section 775.087(1), Florida Statutes (2013), based on her codefendant's possession and use of a firearm during the offenses.

Postaski was charged with one count of armed burglary and two counts of aggravated battery with a firearm with great bodily harm. In the information, the counts were reclassified based on the firearm statute, section 775.087(1). The armed burglary was reclassified from a first-degree felony punishable by life to a life felony, and the aggravated batteries were reclassified from second-degree felonies to first-degree felonies. See §§ 810.02(2)(b); 784.045(1)(a), (2); 775.087(1)(a), (b), Fla. Stat. (2013). These reclassifications are also reflected in the written judgment.

However, it was undisputed that Postaski did not use or possess a firearm during the offenses; only Postaski's codefendant used a weapon during the offenses. Florida law is clear that "when a defendant is charged with a felony involving the 'use' of a weapon, his or her sentence cannot be enhanced under section 775.087(1) without evidence establishing that the defendant had personal possession of the weapon during the commission of the felony." State v. Rodriguez, 602 So. 2d 1270, 1272 (Fla. 1992); Porter v. State, 737 So. 2d 1119, 1119 (Fla. 2d DCA 1999) (recognizing that Rodriguez held that "section 775.087(1) does not permit vicarious enhancement"); see also Chase v. State, 74 So. 3d 1138, 1139 (Fla. 2d DCA 2011) (holding that circuit court erred in reclassifying defendant's offense where evidence showed that only codefendant "possessed and used the weapon during the offense" and reversing for resentencing without section 775.087(1) reclassification). The State concedes error on this point,

noting also that the armed burglary conviction could not be reclassified under section 775.087(1) because the use of a weapon or firearm was an essential element of armed burglary under section 810.02(2)(b). See Harris v. State, 766 So. 2d 403, 404 (Fla. 2d DCA 2000).

Accordingly, we affirm Postaski's convictions but reverse the written judgment and remand for correction of the judgment to reflect that the armed burglary is a first-degree felony punishable by life and that the aggravated batteries are second-degree felonies. We also reverse Postaski's sentences and remand for resentencing without the reclassifications.

On remand, Postaski is entitled to be resentenced by a different judge because she contends, and the record supports, that the trial court improperly considered her lack of remorse when sentencing her. The State concedes error on this issue. See Pehlke v. State, 189 So. 3d 1036, 1037 (Fla. 2d DCA 2016) (holding that "the trial court committed fundamental error by considering [the defendant's] failure to show remorse for his actions" and reversing for resentencing before a different judge); Williams v. State, 164 So. 3d 739, 740-41 (Fla. 2d DCA 2015) (holding that a trial court cannot consider "the improper factors of a defendant's assertions of innocence and refusal to admit guilt, the truthfulness of his testimony, or the failure to show remorse" and reversing for resentencing before a different judge).

Affirmed in part; reversed in part; remanded.


KELLY and BLACK, JJ., Concur.