# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-1362
LT Case No. 2016-CF-5542-A

_____

ROBERT JACOBY TURNER,

 Appellant,

 v.

STATE OF FLORIDA,

 Appellee.

_____

3.800 appeal from the Circuit Court for Duval County.
Mark Borello, Judge.

Robert Jacoby Turner, Live Oak, pro se.

Ashley Moody, Attorney General, and Adam B. Wilson, Assistant
Attorney General, Tallahassee, for Appellee.

December 1, 2023

PER CURIAM.

 Appellant appeals the circuit court's summary denial of his
motion to correct illegal sentence filed pursuant to Rule 3.800(a) of
the Florida Rules of Criminal Procedure. We affirm in part, reverse
in part, and remand for further proceedings.

**I.**

**A.**

Appellant was charged with second-degree murder (count 1); attempted second-degree murder (counts 2–8); discharging a firearm from a vehicle (count 9); shooting or throwing deadly missiles (count 10); and possession of a firearm by a convicted felon (counts 11 and 12). The State filed a notice of intent to seek habitual felony offender ("HFO") sentencing.

As recounted by the First District in Appellant's direct appeal:

> Appellant was charged with a drive-by shooting based on his firing multiple shots from a handgun out of the passenger window of an automobile at a group assembled outside a convenience store. As a result of the shooting Keshawn Rankin was killed, and another victim was injured. At trial, the driver of the automobile and the other two passengers all testified that Appellant fired at the group from the automobile. Appellant's defense was that one of the other passengers was responsible for the shooting. Other than testimony regarding Appellant firing the handgun, there was no testimony of Appellant committing any other "act imminently dangerous to another, and evincing a depraved mind" so as to support second degree murder or attempted second degree murder. *See* §§ 782.04(2) & 777.04, Fla. Stat. (2016). There was also no testimony to support Appellant's guilt as a principal to the crimes rather than the actual perpetrator, and the jury was not instructed that Appellant could be found guilty as a principal. *See* § 777.011, Fla. Stat. (2016).

2

*Turner v. State*, 301 So. 3d 1017, 1018 (Fla. 1st DCA 2019).

On June 9, 2017, Appellant was convicted as charged on counts 1–8, with special verdict findings that he did not actually possess a firearm. He was found guilty on count 12, with a special verdict finding that he actually possessed a firearm. The jury found Appellant not guilty on counts 9 and 10. Count 11 was *nolle prosequied*.

At sentencing, the court stated, "it's clear to the Court that" the jury was convinced that Appellant committed the crime, "but they did want to pardon him from the consequences of having a firearm, probably because they didn't like any of the people who testified." The court further stated, "I think the jury didn't like anybody, and so they felt Mr. Turner was guilty but they wanted to save him from the consequences of having a firearm, which they did." The court noted that the jury had "actually asked permission in advance if they could possibly do that, and the Court told them, you're the jury, you can do what you want to do, and they did."

The State then presented evidence and argument to support a prison releasee reoffender ("PRR") sentence. The court sentenced Appellant to life in the Department of Corrections ("DOC") on count 1, and 30 years in prison on counts 2–8 and 12. He was sentenced as a PRR on counts 1–8. The written sentence also reflected that Appellant was sentenced as a HFO on counts 2–8 and 12, but this was not orally pronounced. On count 12, he received a 3-year mandatory minimum sentence for use of a firearm.

Appellant appealed his convictions and sentences, arguing "that the jury verdict was a true inconsistent verdict." *Turner*, 301 So. 3d at 1018. The First District rejected his argument, concluding that "although the jury verdict was factually inconsistent, it does not amount to a true inconsistent verdict." *Id.* The First District reasoned:

> Clearly the verdict was factually inconsistent because the jury had no evidence to support a finding of guilt against Appellant unless Appellant

3

possessed and discharged a handgun at the assembled group. However, as the Florida Supreme Court has stated, a true inconsistent verdict requires more than just factual or logical inconsistency[.] . . . The second degree murder and attempted second degree murder counts here are not legally interlocking with another count. Second degree murder and attempted second degree murder do not include possession or discharge of a firearm as an element of the crimes. *See* §§ 782.04(2) & 777.04(1), Fla. Stat. Instead, possession or discharge of a firearm while committing or attempting to commit certain felonies including second degree murder results in certain mandatory sentences under section 775.087, Florida Statutes (2016), the 10-20-Life statute. Although logically under the facts presented to the jury there was no way Appellant could have committed the murder and attempted murder without possessing and discharging a firearm that does not make the verdict truly inconsistent.

*Id.* at 1018–20 (footnote omitted).

## B.

Following his direct appeal, Appellant then filed a Rule 3.800(a) motion alleging that his sentences are illegal because they exceed the statutory maximum. Specifically, Appellant argued that the life sentence on count one exceeds the statutory maximum allowed under section 775.082(9)(a), Florida Statutes, and that the 30-year sentences on counts 2–8 and 12 exceed the statutory maximum for second-degree felonies. He argued that the written sentence erroneously indicates he was sentenced as a HFO when he was not, and that the oral pronouncement controls. He further argued that counts 2–8 and 12 were improperly reclassified.

The trial court denied Appellant's motion. He has timely appealed the court's order.

**II.**

On appeal, Appellant argues that his life sentence on count 1 is illegal because second-degree murder is a first-degree felony, not a life felony. He further argues that his sentences on counts 2–8 and 12 exceed the statutory maximum for second-degree felonies, that the oral pronouncement of sentence controls over the written sentence, and that the sentence could not be reclassified under section 775.087(1). Finally, he argues for the first time that a manifest injustice occurred when the court sentenced him as a PRR despite the jury's finding that he did not actually possess a firearm. In response, the State concedes that the record supports Appellant's claim against the sentences imposed on counts 2–8 and 12, but it contends that the life sentence on count 1 is legal, and the manifest injustice claim is both unpreserved and without merit.

Rule 3.800(a) provides that "[a] court may at any time correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet, when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief[.]" Fla. R. Crim. P. 3.800(a)(1); *see Echevarria v. State*, 296 So. 3d 543, 544 (Fla. 5th DCA 2020).

Appellant's life sentence on count 1 is legal. Second-degree murder is a "felony of the first degree, punishable by imprisonment for a term of years not exceeding life." § 782.04(2), Fla. Stat. (2016). "Upon proof from the state attorney that establishes by a preponderance of the evidence that a defendant is a prison releasee reoffender as defined in this section, such defendant is not eligible for sentencing under the sentencing guidelines and must be sentenced as follows: a. For a felony punishable by life, by a term of imprisonment for life[.]" § 775.082(9)(a)3, Fla. Stat. (2016). Because second-degree murder is a felony punishable by life in prison, once the court found that Appellant qualified as a PRR—a finding that the record supports—the court was required to sentence him to life. We therefore affirm the circuit court's denial of Appellant's claim against his life sentence on count 1.

5

Appellant's 30-year sentences on counts 2–8 and 12, however, exceed the statutory maximum for second-degree felonies. While the written sentence indicates that Appellant was sentenced as a HFO, according to the sentencing hearing transcript, at no time during the sentencing hearing did the court find that Appellant qualified as a HFO. Nor did the court orally pronounce a HFO sentence. The court's oral pronouncement controls over its written sentencing order, with the conflict cognizable for resolution in Rule 3.800(a) proceedings. *See Williams v. State*, 957 So. 2d 600, 603 (Fla. 2007) (per curiam). Therefore, the written sentencing order's inclusion of a HFO designation was error.

Moreover, Appellant's convictions on counts 2–8 could not be reclassified as first-degree felonies. Attempted second-degree murder is a second-degree felony. §§ 777.04(4)(c), 782.04(2), Fla. Stat. (2016). If a firearm is used in the commission of the offense and the jury finds that a firearm was used, the offense can be reclassified to a first-degree felony. § 775.087(1), Fla. Stat. (2016). The lack of any jury finding that a defendant used a weapon typically precludes reclassification of the offense under section 775.087(1). To be sure, at least one of our sister courts has held that the lack of such a finding can survive a harmless-error analysis where "[n]o rational jury would have found that [defendant] did not use a firearm in his attempt to murder the victim." *Knight v. State*, 6 So. 3d 733, 735 (Fla. 2d DCA 2009). However, when the jury is given special interrogatories and renders an affirmative finding that the defendant did not possess a firearm, even if that finding contravenes the evidence, the defendant may not have his conviction reclassified to a higher degree felony under section 775.087(1). *See Ford v. State*, 145 So. 3d 202, 203 (Fla. 1st DCA 2014); *Williams v. State*, 656 So. 2d 574, 575 (Fla. 1st DCA 1995).

The court could not reclassify Appellant's convictions on counts 2–8, because the jury found that Appellant did not actually possess a firearm. Therefore, Appellant's convictions for attempted second-degree murder remained second-degree felonies. A PRR sentence for a second-degree felony is a mandatory 15 years. *See* § 775.082(9)(a)3, Fla. Stat. (2016). Appellant's 30-year sentences on counts 2–8, therefore, are illegal.

6

Appellant's 30-year sentence for possession of a firearm by a convicted felon (count 12) likewise cannot stand. Like the offense charged in counts 2–8, that offense is a second-degree felony. *See* § 790.23(3), Fla. Stat. (2016). Although the jury found that Appellant possessed a firearm on count 12, it cannot be reclassified for use of a firearm, because use of a firearm is an essential element of the offense. *See* § 775.087(1), Fla. Stat. (2016). The 30-year sentence on count 12, therefore, is illegal.

Finally, we reject Appellant's manifest injustice argument. To the extent that it does not overlap with his other arguments on appeal, Appellant's manifest injustice argument was not raised below and improperly attempts to relitigate the inconsistent verdicts claim that failed in his direct appeal.

### III.

For the foregoing reasons, we affirm the circuit court's denial of Appellant's Rule 3.800(a) motion insofar as it challenged his life sentence on count 1, but we reverse the circuit court's denial of the motion insofar as it challenged Appellant's 30-year sentences on counts 2–8 and 12, and we remand the case for further proceedings consistent with our opinion.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

LAMBERT, MACIVER, and PRATT, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____