767 So.2d 576 (2000)
Gary Thomas WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-3234.
District Court of Appeal of Florida, Fifth District.
September 8, 2000.
James B. Gibson, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Appellee.
HARRIS, J.
Wright was the driver of a vehicle from which two accomplices with masks emerged to venture forth to rob another driver of his cell phone and bag. They also attempted to hijack that driver's vehicle but he ran away with the keys. Wright was convicted of both robbery with a mask and attempted carjacking with a mask. Because the robbery was completed before the defendants demanded the keys to the car, we find that convictions for both the robbery and the attempted carjacking are proper.
But Wright contends that since he remained unmasked in his vehicle as he sent his minions out to commit masked offenses, his offenses cannot be reclassified under the provisions of section 775.0845, Florida Statutes ("Wearing mask while committing offense; reclassification"). State v. Rodriguez, 602 So.2d 1270 (Fla. 1992), may lend support to his position but additional analysis is required.
*577 It appears that the answer to the question should depend on whether section 775.0845 enhances the offense or enhances the penalty. Section 777.011, Florida Statutes, provides that whoever aids in the commission of an offense, even if he is not present, is a principal of the first degree to such offense. In this case, Wright aided two individuals who, while wearing masks, committed robbery and attempted carjacking. Is Wright guilty as an accomplice to the enhanced version of the offense in which he knowingly participated or is he vicariously guilty of a lesser offense than his accomplices because he remained in the vehicle unmasked? The answer is more difficult than the question might suggest.
Section 775.0845 is a statute of general application to various felonies and misdemeanors. Applied specifically to a particular offense, however, it creates a "new" substantive crime in that, if the jury determines that a mask was used, the underlying crime becomes a new crime of the next higher degree.[1] For example, if applied to the robbery statute, it would add an additional element to the taking of property with force with the intent to permanently or temporarily deprive the owner thereof and would constitute the new offense of "robbery with a mask," a felony of the first degree. If during the robbery the offender carried a weapon and used a mask, the newly created offense would be a life felony.
If section 775.0845 is instead interpreted as was section 775.087(1) in Rodriguez, then only those actually wearing masks could be convicted of the enhanced offense. But this is equating an offense reclassification with a sentence enhancer. For example, section 775.087(2)(a)1, Florida Statutes, provides that the person carrying a firearm during the commission of certain felonies must serve a minimum sentence. This provision does not enhance the offense, only the sentence.
This distinction was made by this court in Hough v. State, 448 So.2d 628, 629 (Fla. 5th DCA 1984),[2] when we said:
There was sufficient evidence presented at trial to find appellant guilty of the crime charged [armed robbery] because, despite a dispute in the evidence as to which of the three participants actually had possession of the single gun employed in the robbery, if any one of them carried the firearm during the commission of the crime, all of them are guilty as principals under section 777.011 ... This is not to say, however, that the three-year minimum mandatory sentence may be imposed merely on the basis of the finding of guilt, because the imposition of the mandatory minimum sentence requires that defendant have had actual, as distinguished from vicarious, possession of the firearm during the robbery.
However, the supreme court held in Rodriguez that section 775.087(1), which enhances certain felonies to the next degree if "the defendant" carries a firearm during its commission, only affects the particular defendant carrying the firearm and not his accomplice. Notice, however, that the legislature used the term "defendant" (rather than the term "offender" used in 775.0845) in section 775.087(1) which is more similar to the term "person ... who actually possessed the firearm" used in section 775.087(2)(a)1, which is clearly a sentence enhancer.
Perhaps the court placed a limitation on section 775.087(1) because the term "defendant"[3] *578 is singular and more specific (referring to the individual before the bar) whereas the term "offender" can be interpreted more broadly to mean all those who commit the offense. In any event, Rodriguez holds that if two assailants are involved in an attempted murder and only one of them is armed, then one may be sentenced as though the offense was of the first degree while the other may be sentenced as though the offense was a life felony. The supreme court stated:
We hold that, when a defendant is charged with a felony involving the "use" of a weapon, his or her sentence cannot be enhanced under section 775.087(1) without evidence establishing that the defendant had personal possession of the weapon during the commission of the felony. (Emphasis added).
Thus the supreme court reads section 775.087(1) as enhancing the potential sentence of an individual rather than creating a new distinct, substantive offense.
Section 812.13(2)(c), Florida Statutes, classifies a robbery, which without the presence of a weapon (or firearm) would be a felony of the second degree, as a felony of the first degree "[i]f in the course of committing the robbery the offender carried a weapon." (Emphasis added). This language is similar to that used in section 775.0845 which reclassifies the offense to the next higher degree "if, while committing the offense, the offender was wearing a ... mask." Here, both the classification (robbery) and the reclassification (the mask general reclassification) of the offense is based on the offender's, as opposed to the defendant's, conduct. Concerning section 812.13(2)(b), this court has held that if two individuals participate in a robbery in which only one arms himself, both are guilty of the enhanced offense. See Hough. Here, we have three people, one vicariously, participating in a robbery and attempted carjacking in which masks were worn. If by wearing the masks, the two actual perpetrators committed a distinct, substantive offense of the first degree, then it appears that section 777.011 would make their absent accomplice guilty of the same. If, however, section 775.0845 is considered to be only a sentencing enhancer, then Rodriguez compels us to limit the driver's conviction to robbery and attempted carjacking and to limit his sentence accordingly.
Since it appears to us that the legislature accepted the supreme court's implicit invitation to amend section 775.0845 in order to make the use of a mask during the commission of an offense "a distinct, substantive offense" and since the legislature used the terminology it employed in creating the distinct, substantive offense of armed robbery, we believe that when his accomplices robbed the victim and attempted to carjack his vehicle while wearing masks, they established the offense for which Wright is vicariously guilty.
Because we acknowledge that we may be misinterpreting the breadth of Rodriguez, we certify the following question to the supreme court:
IS THE ACCOMPLICE TO MASKED OFFENSES GUILTY OF THE ENHANCED OFFENSES?
AFFIRMED.
W. SHARP, J., and ORFINGER, M., Senior Judge, concur.
NOTES
[1] The earlier version of section 775.0845 was clearly a sentence enhancer. It was initially entitled "wearing masks while committing offense; enhanced penalties." This was pointed out in Cabal v. State, 678 So.2d 315 (Fla. 1996), in which the supreme court implicitly invited the legislature to amend the statute in order to reclassify "the conduct as a distinct, substantive offense." The legislature did so in 1997. See section 775.0845, Fla. Stat. (1997).
[2] See also Earnest v. State, 351 So.2d 957 (Fla.1977).
[3] In Rodriguez, the supreme court emphasized that the term used was "defendant."