810 So.2d 873 (2002)
Gary Thomas WRIGHT, Petitioner,
v.
STATE of Florida, Respondent.
No. SC00-2163.
Supreme Court of Florida.
January 31, 2002.
*874 James B. Gibson, Public Defender, and Nancy Ryan and Dee Ball, Assistant Public Defenders, Seventh Judicial Circuit, Daytona Beach, FL, for Petitioner.
Robert A. Butterworth, Attorney General, and David H. Foxman and Kellie A. Nielan, Assistant Attorneys General, Daytona Beach, FL, for Respondent.
HARDING, J.
We have for review a decision of a district court of appeal on the following question, which the court certified to be of great public importance:
IS THE ACCOMPLICE TO MASKED OFFENSES GUILTY OF THE ENHANCED OFFENSES?
Wright v. State, 767 So.2d 576, 578 (Fla. 5th DCA 2000). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. We answer the certified question in the negative.
Wright was the driver of a vehicle from which two cohorts with masks emerged and robbed another driver of his cell phone and bag. They also attempted to hijack that driver's vehicle but the victim ran away with the keys. Wright was convicted of both robbery with a mask and attempted carjacking with a mask. On appeal, the district court affirmed Wright's convictions and certified the question above. See id.
Wright contends that since he remained unmasked in his vehicle, his offenses cannot be reclassified under the provisions of section 775.0845, Florida Statutes (1997) ("Wearing mask while committing offense; reclassification"). Section 775.0845 provides:
The felony or misdemeanor degree of any criminal offense, other than a violation of ss. 876.12-876.15, shall be reclassified to the next higher degree as provided in this section if, while committing the offense, the offender was wearing a hood, mask, or other device that concealed his or her identity.
We hold that a defendant's sentence cannot be enhanced under section 775.0845 without evidence establishing that the defendant personally wore a hood, mask, or other device that concealed his or her identity. In this case, the State concedes that Wright did not wear a mask during the commission of the robbery or attempted carjacking. We reject the State's contention that Wright's offenses should be enhanced on the theory of constructive or vicarious identity concealment based on the conduct of the codefendants. See State v. Rodriguez, 602 So.2d 1270 (Fla. 1992).
We address one other issue raised by Wright in his brief. Wright claims that double jeopardy bars convictions for both robbery and attempted carjacking. This Court recently rejected this argument in Cruller v. State, 808 So.2d 201 (Fla.2002).
Accordingly, we answer the certified question in the negative and quash the opinion below.
It is so ordered.
SHAW, ANSTEAD, and LEWIS, JJ., concur.
PARIENTE, J., concurs in part and dissents in part with an opinion.
WELLS, C.J., dissents with an opinion, in which QUINCE, J., concurs.
PARIENTE, J., concurring in part and dissenting in part.
Although I agree with the majority's decision that an accomplice to masked offenses is not guilty of the enhanced offenses under section 775.0845, Florida Statutes (1997), see majority op. at 1, for the reasons expressed in my dissenting opinion in Cruller v. State, 808 So.2d 201, (Fla. 2002), I would hold that double jeopardy bars convictions for both robbery and attempted carjacking.
*875 The Fifth District Court of Appeal briefly described the facts of the crime as follows:
Wright was the driver of a vehicle from which two accomplices with masks emerged to venture forth to rob another driver of his cell phone and bag. They also attempted to hijack that driver's vehicle but he ran away with the keys. Wright was convicted of both robbery with a mask and attempted carjacking with a mask. Because the robbery was completed before the defendants demanded the keys to the car, we find that the convictions for both the robbery and the attempted carjacking were proper.
Wright v. State, 767 So.2d 576, 576 (Fla. 5th DCA 2000).
However, the victim provided the following testimony at trial:
They approach. One of them went around the back of me and the other one went in front of me. They pushed me lightly against my car, like just to surround me, just to let them know that I was there (sic). One of them grabbed by bag. The other one grabbed my cell phone. At this time, I was just like trying to reason with them basically. "Come on guys. You guys don't want to do this." They said, "Yeah. Give your car keys," you know "MF" and a couple of other curse words. At this time I was thinking about giving my car keys over. My parents always told me if you're ever confronted, just, you know, throw your keys over or whatever.
Q. And did you?
A. No. I started to. I even reached my hand out, and it was a new car. I mean I'd just got the car. Plus I, you know, worked hard to get through school and get things I own. So I didn't see any weapons at the time. Actually, I didn't see any weapons at any time; but I knew I was going to get hit sooner or later. So I had to do something because I could see one of the guys rocking back and forth, just looking at me; and all of this was taking place in a matter of three or four seconds. At this time I reached forward to hand them the keys, and I say, "No, guys, I can't do this." And then at that point, I was in a position where they were both on either side of me. So I stepped back and pushed them both and took off in the opposite direction from them. They didn't pursue.
(Emphasis supplied.)
Therefore, like the facts in Cruller, the taking of the victim's property and the attempted taking of the victim's keys constituted a single forceful taking that was separated neither in time nor place. Based on the guidelines enunciated by this Court in Hayes v. State, 803 So.2d 695, (Fla. 2001), and based on my reasoning in Cruller, I dissent from the majority's conclusion in this case that multiple convictions for robbery and attempted carjacking do not violate the Double Jeopardy Clause.
WELLS, C.J., dissenting.
I dissent. The majority's decision fails to deal with the reasoning of the district court, which I conclude is correct. The district court held:
Section 812.13(2)(c), Florida Statutes, classifies a robbery, which without the presence of a weapon (or firearm) would be a felony of the second degree, as a felony of the first degree "[i]f in the course of committing the robbery the offender carried a weapon." (Emphasis added). This language is similar to that used in section 775.0845 which reclassifies the offense to the next higher degree "if, while committing the offense, the offender was wearing a ... mask." Here, both the classification (robbery) and the reclassification (the mask general reclassification) of the offense is based *876 on the offender's, as opposed to the defendant's, conduct. Concerning section 812.13(2)(b), this court has held that if two individuals participate in a robbery in which only one arms himself, both are guilty of the enhanced offense. See [Hough v. State, 448 So.2d 628 (Fla. 5th DCA 1984)]. Here, we have three people, one vicariously, participating in a robbery and attempted carjacking in which masks were worn. If by wearing the masks, the two actual perpetrators committed a distinct, substantive offense of the first degree, then it appears that section 777.011 would make their absent accomplice guilty of the same. If, however, section 775.0845 is considered to be only a sentencing enhancer, then [State v. Rodriguez, 602 So.2d 1270 (Fla.1992)], compels us to limit the driver's conviction to robbery and attempted carjacking and to limit his sentence accordingly.
Since it appears to us that the legislature accepted the supreme court's implicit invitation to amend section 775.0845 in order to make the use of a mask during the commission of an offense "a distinct, substantive offense" and since the legislature used the terminology it employed in creating the distinct, substantive offense of armed robbery, we believe that when his accomplices robbed the victim and attempted to carjack his vehicle while wearing masks, they established the offense for which Wright is vicariously guilty.
The majority also failed to respond to the district court's footnote 1, which states:
The earlier version of section 775.0845 was clearly a sentence enhancer. It was initially entitled "wearing masks while committing offense; enhanced penalties." This was pointed out in Cabal v. State, 678 So.2d 315 (Fla.1996), in which the supreme court implicitly invited the legislature to amend the statute in order to reclassify "the conduct as a distinct, substantive offense." The legislature did so in 1997. See section 775.0845, Fla. Stat. (1997).
In view of this decision, I assume the Legislature will have to again amend section 775.0845, Florida Statutes, and state expressly that section 777.011, Florida Statutes, applies to section 775.0845. I conclude that the district court is correct that the Legislature already sufficiently did this in 1997.
QUINCE, J., concurs.