ORFINGER, R.B., J.
Curtis Bartley appeals his conviction for armed robbery with a firearm or deadly weapon while wearing a mask in violation of sections 812.13(1) and (2)(a), Florida Statutes (2000) and section 775.0845, Florida Statutes (2000). Bartley argues that the evidence failed to show that he wore a mask during the robbery. Therefore, he contends the trial court erred when it denied his motion for a directed verdict as to the allegation that he was masked during the robbery. We agree, but find the error to be harmless.
At the conclusion of the State’s case, Bartley moved for judgment of acquittal as to the allegation that he wore a mask, contending that the evidence showed that while an accomplice wore a mask during the commission of the robbery, he did not. The State agreed that Bartley wore no mask, but argued that even if he did not wear a mask, Bartley could receive an enhanced sentence pursuant to section 775.0845 if an accomplice wore a mask during the commission of the robbery. The trial court denied Bartley’s motion, relying on our opinion in Wright v. State, 767 So.2d 576 (Fla. 5th DCA 2000) wherein we held that a defendant could be convicted of robbery with a mask when the defendant remained unmasked during a robbery, but his accomplice was .masked. Subsequent to Bartley’s trial, the supreme court reversed our decision, and held that “a defendant’s sentence cannot be enhanced under section 775.0845 without evidence establishing that the defendant personally wore a hood, mask, or other device that concealed his or her identity.” Wright v. State, 810 So.2d 873, 874 (Fla.2002).
The State concedes that Bartley did not wear a mask during the robbery. Therefore, Bartley should have been convicted only of armed robbery with a firearm or other deadly weapon without the sentencing enhancement authorized by section 775.0845 for those perpetrators who are masked during their crime. We nevertheless conclude that the error is harmless. Armed robbery with a firearm or other deadly weapon is a first-degree felony punishable by a term of years not exceeding life imprisonment. § 812.13(1) & (2)(a), Fla. Stat. (2000). Accordingly, while the information and the sentencing documents erroneously reference the use of a mask *1066 pursuant to section 775.0845, in this case, that sentencing enhancement had no effect on Bartley’s potential sentence, as Bartley could have received a life sentence without the use of the mask enhancer.[1] Accordingly, we find the error harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
We affirm Bartley’s conviction and remand this matter to allow the trial court to delete the reference to a mask and section 775.0845, Florida Statutes (2000) in the sentencing documents.
AFFIRMED AND REMANDED WITH DIRECTIONS.
THOMPSON, C.J. and SAWAYA, J„ concur.

. Bartley was sentenced to 30 years in prison.