PER CURIAM.
 

 The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted a report proposing amendments to a number of standard criminal jury instructions pertaining to fleeing a law enforcement officer and aggravation of a felony. We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const.
 

 The Committee’s proposals amend the standard criminal jury instructions pertaining to fleeing a law enforcement officer (instructions 28.6-28.85) and aggravation of a felony (instructions 3.3(a)-(c), 3.3(e)-(f)).
 
 [1]
 

 The Committee’s proposals pertaining to fleeing a law enforcement officer were published in the January 15, 2011, edition of
 
 The Florida Bar News.
 
 The proposed amendments pertaining to the aggravation of a felony were published in the January 1, 2011, edition of
 
 The Florida Bar News.
 
 No comments were received with respect to either publication. Upon consideration of the proposals, we hereby authorize for
 
 *137
 
 publication and use the amended instructions, with a minor modification to instruction 3.8(e), Aggravation of a Felony by Wearing a Hood, Mask, or Other Device to Conceal Identity, as discussed below.
 

 The Committee proposes amending standard jury instruction 3.3(e) to include the requisite burden of persuasion, as well as a note that contains a brief commentary and a citation to
 
 Wright v. State,
 
 810 So.2d 873 (Fla.2002). We modify the Committee’s proposal by adding the word “personally” to the text of the instruction. Consistent with the Committee’s proposed amendments to instructions 3.3(a) and 3.3(b), the addition of the word clarifies that the aggravating offense must be personally committed by a defendant.
 

 Having considered the Committee’s report, we hereby authorize for publication and use the instructions as they appear in the attached appendix.
 
 [2]
 
 In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underlining and deleted language is indicated by struck-through type. The instructions as set forth in the appendix shall be effective when this opinion becomes final.
 

 It is so ordered.
 

 CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 APPENDIX
 

 28.6 FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER
 

 § 316.1935(1), Fla. Stat.
 

 To prove the crime of Fleeing to Elude a Law Enforcement Officer, the State must prove the following three elements beyond a reasonable doubt:
 

 1. (Defendant) was operating a vehicle upon a street or highway in Florida.
 

 2. A duly authorized law enforcement officer ordered the defendant to stop or remain stopped.
 

 Give 3a or 3b as applicable.
 

 3. (Defendant), knowing [he] [she] had been directed ordered to stop by a duly authorized law enforcement officer,
 

 a. willfully refused or failed to stop the vehicle in compliance with the order
 

 b. having stopped the vehicle, willfully fled in a vehicle in an attempt to elude the officer.
 

 Definitions.
 

 “Operator” means any person who is in actual physical control of a motor vehicle upon the highway [or who is exercising control over or steering a vehicle being towed by a motor vehicle].
 

 “Street or highway” means the entire width between boundary lines of every
 
 *138
 
 way or place of whatever nature when any part thereof is open to the public for purposes of vehicular traffic.
 

 “Vehicle” means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.
 

 “Willfully” means intentionally, knowingly, and purposely.
 

 Lesser Included Offenses
 

 No lesser-ineluded'offenses have been identified for-⅛⅛ offense.-
 

 [[Image here]]
 

 Comments
 

 For the category two lesser included offense, see
 
 Koch v. State,
 
 39 So.3d 464 (Fla. 2d DCA 2010).
 

 This instruction was adopted in 2000 [765 So.2d 692] and amended in 2008 [976 So.2d 1081] and 2011.
 

 28.7 FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER
 

 (Siren and Lights Activated)
 

 § 316.1935(2), Fla. Stat.
 

 To prove the crime of Fleeing to Elude a Law Enforcement Officer, the State must prove the following three elements beyond a reasonable doubt:
 

 1. (Defendant) was operating a vehicle upon a street or highway in Florida.
 

 Give 8a or !2b as applicable.
 

 2. (Defendant), knowing [he] [she] had been directed to stop by a duly authorized law enforcement officer, willfully fled in a vehicle in an attempt to elude a law enforcement officer.
 

 ⅜ — willfully refused- or failed to stop the vehicle in compliance
 

 b, — having-stopped the-vehiele, willfully fled in a vehicle in-an attempt to-elude the officer,
 

 3. The law enforcement officer was in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle and with siren and lights activated.
 

 Definitions.
 

 “Operator” means any person who is in actual physical control of a motor vehicle upon the highway [or who is exercising control over or steering a vehicle being towed by a motor vehicle].
 

 “Street or highway” means the entire width between boundary lines of every way or place of whatever nature when any part thereof is open to the public for purposes of vehicular traffic.
 

 
 *139
 
 “Vehicle” means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.
 

 “Willfully” means intentionally, knowingly, and purposely.
 

 Lesser Included Offenses
 

 [[Image here]]
 

 Comments
 

 For the category two lesser included offense, see
 
 Koch v. State,
 
 39 So.3d 464 (Fla. 2d DCA 2010),
 

 This instruction was adopted in 2000 [765 So.2d 692] and amended in 2008 [976 So.2d 1081] and 2011.
 

 28.8 FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER
 

 (Siren and Lights Activated with High Speed or Reckless Driving)
 

 § 316.1935(3)(a), Fla. Stat.
 

 To prove the crime of Fleeing to Elude a Law Enforcement Officer, the State must prove the following four elements beyond a reasonable doubt:
 

 1. (Defendant) was operating a vehicle upon a street or highway in Florida.
 

 Give-2a-or-@b as applicabh
 

 2. (Defendant), knowing [he] [she] had been directed to stop by a duly authorized law enforcement officer, willfully fled in a vehicle in an attempt to elude a law enforcement officer.
 

 ⅜ — willfully refused- or failed to stop the vehicle in compliance with the order.
 

 fc — having stopped-the vehicle, willfully-fled in -a-vehicle in an attempt to elude-the- officer.
 

 3. The law enforcement officer was in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle and with siren and lights activated.
 

 4. During the course of the fleeing or the attempt to elude, (defendant) drove at high speed or in any manner demonstrating a wanton disregard for the safety of persons or property.
 

 Definitions.
 

 “Operator” means any person who is in actual physical control of a motor vehicle upon the highway [or who is exercising control over or steering a vehicle being towed by a motor vehicle].
 

 “Street or highway” means the entire width between boundary lines of every
 
 *140
 
 way or place of whatever nature when any part thereof is open to the public for purposes of vehicular traffic.
 

 “Vehicle” means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.
 

 “Willfully” means intentionally, knowingly, and purposely.
 

 Lesser Included Offenses
 

 [[Image here]]
 

 Comments
 

 For the category two lesser included offense of Disobedience to Police, see
 
 Koch v. State,
 
 39 So.3d 464 (Fla. 2d DCA 2010).
 

 This instruction was adopted in 2000 [765 So.2d 692] and amended in 2008 [976 So.2d 1081] and 2011.
 

 28.81 FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER
 

 (Siren and Lights Activated with High Speed or Reckless Driving Causing Serious Bodily Injury or Death)
 

 § 316.1935(3)(b), Fla. Stat.
 

 To prove the crime of Fleeing to Elude a Law Enforcement Officer, the State must prove the following five elements beyond a reasonable doubt:
 

 1. (Defendant) was operating a vehicle upon a street or highway in Florida.
 

 Give 2a
 
 or-3-b-as-applicabler
 

 2. (Defendant), knowing [he] [she] had been directed to stop by a duly authorized law enforcement officer, willfully fled in a vehicle in an attempt to elude a law enforcement officer.
 

 ⅜ — willfully—refused or failed--to stop the vehicle in compliance with-the-order.
 

 ⅛ — having stopped the vehicle}-w-ill-fully fled in a vehicle ■in-an-attempt to elude the officer,
 

 3. The law enforcement officer was in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle and with siren and lights activated.
 

 4. During the course of the fleeing or the attempt to elude, (defendant) drove at high speed or in any manner demonstrating a wanton disregard for the safety of persons or property.
 

 
 *141
 
 5. As a result of (defendant’s) fleeing or eluding at high speed or wanton disregard for safety, [he] [she] caused [the death of] [serious bodily injury to] [another person] [a law enforcement officer involved in pursuing or otherwise attempting to stop [his] [her] vehicle].
 

 Definitions.
 

 “Operator” means any person who is in actual physical control of a motor vehicle upon the highway [or who is exercising control over or steering a vehicle being towed by a motor vehicle].
 

 “Street or highway” means the entire width between boundary lines of every way or place of whatever nature when any part thereof is open to the public for purposes of vehicular traffic.
 

 “Vehicle” means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.
 

 “Willfully” means intentionally, knowingly, and purposely.
 

 Lesser Included Offenses
 

 [[Image here]]
 

 Comments
 

 For the category two lesser included offense of Disobedience to Police, see
 
 Koch v. State,
 
 39 So.3d 464 (Fla. 2d DCA 2010),
 

 This instruction was adopted in 2008 [976 So.2d 1081] and amended in 2011.
 

 28.82 AGGRAVATED FLEEING OR ELUDING
 

 (Leaving a Crash Involving Injury or Death then Causing Serious Bodily Injury or Death)
 

 § 316.1935(4)0») and § 316.027, Fla. Stat.
 

 To prove the crime of Aggravated Fleeing or Eluding, the State must prove the following seven elements beyond a reasonable doubt:
 

 1. (Defendant) was the driver of a vehicle involved in a crash resulting in [injury to] [the death of] any person.
 

 2. (Defendant) knew or should have known that [he] [she] was involved in a crash.
 

 Give 3a if death is charged or 3b if injury is charged.
 

 3. a. (Defendant) knew or should have known of the. injury to or death of the person.
 

 
 *142
 
 b. (Defendant) knew or should have known of the injury to the person.
 

 Give ka or kb or both as applicable.
 

 4. (Defendant)
 

 a. willfully failed to stop at the scene of the crash or as close to the crash as possible and remain there until [he] [she] had given “identifying information” to the [injured person] [driver] [occupant] [person attending the vehicle or other damaged property] and to any police officer investigating the crash.
 

 b. willfully failed to render “reasonable assistance” to the injured person if such treatment appeared to be necessary or was requested by the injured person.
 

 5. A duly authorized law enforcement officer ordered (defendant) to stop.
 

 6. (Defendant), knowing [he] [she] had been ordered to stop by a law enforcement officer, [willfully refused or failed to stop [his] [her] vehicle in compliance with the order to stop] [and after having stopped in knowing compliance with the order to stop, willfully fled in a vehicle in an attempt to elude the law enforcement officer.]
 

 7. As a result of (defendant) fleeing or eluding, [he] [she] caused [serious bodily injury to] [the death of] (name of victim).
 

 I further instruct you that
 

 § 316.027, Fla. Stat.
 

 A driver has the legal duty to immediately stop [his] [her] vehicle at the scene of the crash or as close to the scene of the crash as possible and provide “identifying information.”
 

 If the State proves beyond a reasonable doubt that the defendant willfully failed to give any part of the “identifying information” or willfully failed to give reasonable assistance, the State satisfies this element of the offense.
 

 Definitions.
 

 “Willfully” means intentionally, knowingly, and purposely.
 

 “Identifying information” means the name, address, vehicle registration number, and, if available and requested, the exhibition of the defendant’s license or permit to drive.
 

 “Reasonable assistance” includes carrying or making arrangement to carry the injured person to a physician or hospital for medical treatment.
 

 Lesser Included Offenses
 

 [[Image here]]
 

 
 *143
 
 [[Image here]]
 

 Comments
 

 For the category two lesser included offense of Disobedience to Police, see
 
 Koch v. State,
 
 39 So.3d 464 (Fla. 2d DCA 2010).
 

 This instruction was adopted in 2008 [SC07-1851, January 10,-2008 976 So.2d 1081] and amended in 2011.
 

 28.83 AGGRAVATED FLEEING OR ELUDING
 

 (Leaving a Crash Involving Damage to a Vehicle or Property then Causing Serious Bodily Injury or Death)
 

 § 316.1936(4)(b) and § 816.061, Fla. Stat.
 

 To prove the crime of Aggravated Fleeing or Eluding, the State must prove the following seven elements beyond a reasonable doubt:
 

 1. (Defendant) was the driver of a vehicle involved in a crash resulting only in damage [to a vehicle] [to property other than a vehicle] which was driven or attended by a person.
 

 2. (Defendant) knew or should have known that [he] [she] was involved in a crash.
 

 3. (Defendant) knew or should have known of the damage to [the vehicle] [the attended property].
 

 4. (Defendant) willfully failed to stop at the scene of the crash or as close to the crash as possible and remain there until [he] [she] had given “identifying information” to the [driver] [person attending the damaged property] and to any police officer investigating the crash.
 

 5. A duly authorized law enforcement officer ordered (defendant) to stop.
 

 6. (Defendant), knowing [he] [she] had been ordered to stop by a law enforcement officer, [willfully refused or failed to stop [his] [her] vehicle in compliance with the order to stop] [and after having stopped in knowing compliance with the order to stop, willfully fled in a vehicle in an attempt to elude the law enforcement officer].
 

 7. As a result of (defendant) fleeing or eluding, [he] [she] caused [serious bodily injury to] [the death of] (name of victim).
 

 I-further instruct you that
 

 § 316.061, Fla. Stat.
 

 A driver has the legal duty to immediately stop [his] [her] vehicle at the scene of the crash or as close to the scene of the crash as possible and provide “identifying information.”
 

 If the State proves beyond a reasonable doubt that the defendant willfully failed to give any part of the “identifying information,” the State satisfies this element of the offense.
 

 Definitions.
 

 “Willfully” means intentionally, knowingly, and purposely.
 

 “Identifying information” means the name, address, vehicle registration num
 
 *144
 
 ber, and, if available and requested, the exhibition of the defendant’s license or permit to drive.
 

 Lesser Included Offenses
 

 [[Image here]]
 

 Comments
 

 For the category two lesser included offense of Disobedience to Police, see
 
 Koch v.
 
 State, 39 So.3d 464 (Fla. 2d DCA 2010).
 

 This instruction was adopted in 2008 [976 So.2d 1081] and amended in 2011.
 

 28.84 AGGRAVATED FLEEING OR ELUDING
 

 (Leaving a Crash Involving Injury or Death then Causing Injury or Property Damage to Another)
 

 § 316.1935(4)(a) and § 316.027 Fla. Stat.
 

 To prove the crime of Aggravated Fleeing or Eluding, the State must prove the following seven elements beyond a reasonable doubt:
 

 1.(Defendant) was the driver of a vehicle involved in a crash resulting in [injury to] [the death of] any person.
 

 2. (Defendant) knew or should have known that [he] [she] was involved in a crash.
 

 Give 3a if death is charged or 3b if injury is charged.
 

 3. a. (Defendant) knew or should have known of the injury to or death of the person.
 

 b. (Defendant) knew or should have known of the injury to the person.
 

 Give ka or kb or both as applicable.
 

 4. (Defendant)
 

 a. willfully failed to stop at the scene of the crash or as close to the crash as possible and remain there until [he] [she] had given “identifying information” to the [injured person] [driver] [occupant] [person attending the vehicle or other damaged property] and to any police officer investigating the crash.
 

 b. willfully failed to render “reasonable assistance” to the injured
 
 *145
 
 person if such treatment appeared to be necessary or was requested by the injured person.
 

 5. A duly authorized law enforcement officer ordered (defendant) to stop.
 

 6. (Defendant), knowing [he] [she] had been ordered to stop by a law enforcement officer, [willfully refused or failed to stop [his] [her] vehicle in compliance with the order to stop] [and after having stopped in knowing compliance with the order to stop, willfully fled in a vehicle in an attempt to elude the law enforcement officer.]
 

 7. As a result of (defendant) fleeing or eluding, [he] [she] caused [an injury to] [damage to the property of] (name of victim).
 

 I further instruct you that
 

 § 316.027, Fla. Stat.
 

 A driver has the legal duty to immediately stop [his] [her] vehicle at the scene of the crash or as close to the scene of the crash as possible and provide “identifying information.”
 

 If the State proves beyond a reasonable doubt that the defendant willfully failed to give any part of the “identifying information” or willfully failed to give reasonable assistance, the State satisfies this element of the offense.
 

 Definitions.
 

 “Willfully” means intentionally, knowingly, and purposely.
 

 “Identifying information” means the name, address, vehicle registration number, and, if available and requested, the exhibition of the defendant’s license or permit to drive.
 

 “Reasonable assistance” includes carrying or making arrangement to carry the injured person to a physician or hospital for medical treatment.
 

 Lesser Included Offenses
 

 [[Image here]]
 

 Comments
 

 For the category two lesser included offense of Disobedience to Police, see
 
 Koch v. State,
 
 39 So.3d 464 (Fla. 2d DCA 2010).
 

 This instruction was adopted in 2008 [SC07-1851, January- 10, 2008 976 So.2d 1081]and amended in 2011.
 

 
 *146
 
 28.85 AGGRAVATED FLEEING OR ELUDING
 

 (Leaving a Crash Involving Damage to a Vehicle or Property then Causing Injury or Property Damage to Another)
 

 § 316.1935(4)(a) and § 316.061, Fla. Stat.
 

 To prove the crime of Aggravated Fleeing or Eluding, the State must prove the following seven elements beyond a reasonable doubt:
 

 1. (Defendant) was the driver of a vehicle involved in a crash resulting only in damage [to a vehicle] [to property other than a vehicle] which was driven or attended by a person.
 

 2. (Defendant) knew or should have known that [he] [she] was involved in a crash.
 

 3. (Defendant) knew or should have known of the damage to [the vehicle] [the attended property].
 

 4. (Defendant) willfully failed to stop at the scene of the crash or as close to the crash as possible and remain there until [he] [she] had given “identifying information” to the [driver] [person attending the damaged property] and to any police officer investigating the crash.
 

 5. A duly authorized law enforcement officer ordered (defendant) to stop.
 

 6. (Defendant), knowing [he] [she] had been ordered to stop by a law enforcement officer, [willfully refused or failed to stop [his] [her] vehicle in compliance with the order to stop] [and after having stopped in knowing compliance with the order to stop, willfully fled in a vehicle in an attempt to elude the law enforcement officer].
 

 7. As a result of (defendant) fleeing or eluding, [he] [she] caused [injury to] [damage to the property of] (name of victim).
 

 I further instruct you that
 

 § 316.061, Fla. Stat.
 

 A driver has the legal duty to immediately stop [his] [her] vehicle at the scene of the crash or as close to the scene of the crash as possible and provide “identifying information.”
 

 If the State proves beyond a reasonable doubt that the defendant willfully failed to give any part of the “identifying information,” the State satisfies this element of the offense.
 

 Definitions.
 

 “Willfully” means intentionally, knowingly, and purposely.
 

 “Identifying information” means the name, address, vehicle registration number, and, if available and requested, the exhibition of the defendant’s license or permit to drive.
 

 Lesser Included Offenses
 

 [[Image here]]
 

 
 *147
 
 [[Image here]]
 

 Comments
 

 For the category two lesser included offense of Disobedience to Police, see
 
 Koch v. State,
 
 39 So.3d 464 (Fla. 2d DCA 2010).
 

 This instruction was adopted in. 2008 [976 So.2d 1081] and amended in 2011,
 

 3.3(a) AGGRAVATION OF A FELONY BY CARRYING A FIREARM
 

 § 775.087(1), Fla. Stat.
 

 If you find that (defendant) committed (felony as identified by § 775.087(1), Fla. Stat.) and you also find beyond a reasonable doubt that during the commission of the crime, [he] [she] personally [carried] [displayed] [used] [threatened to use] [attempted to use] a firearm, you should find [him] [her] guilty of (felony) with a firearm.
 

 Definition. § 790.001(6), Fla. Stat.
 

 A “firearm” is legally defined as (adapt from § 790.001(6), Fla. Stat., as required by allegations) any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; any destructive device; or any machine gun. The term “firearm” does not include an antique firearm unless the antique firearm is used in the commission of a crime.
 

 If you find only that (defendant) committed (felony, as identified in § 775.087(1), Fla. Stat.), but did-not but you are not convinced beyond a reasonable doubt that [he] [she] personally [carryied] [displayed] [used] [threatened to use] [attempted to use] a firearm, then you should find [him] [her] guilty only of (felony).
 

 Comments
 

 This instruction should not be given in conjunction with the instructions pertaining to any felony in which the use of a weapon or firearm is an essential element.
 

 The requirement that the defendant personally carried, etc., the firearm comports with the holding in
 
 State v. Rodriquez,
 
 602 So.2d 1270 (Fla.1992), that a defendant’s offense may not be reclassified for a code-fendant’s possession of a firearm during a felony.
 

 This instruction was adopted in 1981 and amended in 2011.
 

 3.3(b) AGGRAVATION OF A FELONY BY CARRYING A WEAPON OTHER THAN A FIREARM
 

 § 775.087(1), Fla. Stat.
 

 If you find that (defendant) committed (felony, as identified by § 775.087(1), Fla. Stat.) and you also find beyond a reasonable doubt that during the commission of the crime [he] [she] personally [carried] [displayed] [used] [threatened to use] [attempted to use] a weapon, you should find [him] [her] guilty of (felony) with a weapon.
 

 Definition.
 

 
 *148
 
 A “weapon” is legally defined to mean any object that could be used to cause death or inflict serious bodily harm.
 

 If you find only that (defendant) committed (felony, as identified in § 775.087(1), Fla. ■ Stat.), but did not but you are not convinced beyond a reasonable doubt that [he] [she] personally [carryied] [displayed] [used] [threatened to use] [attempted to use] a weapon, then you should find [him] [her] guilty only of (felony).
 

 Comments
 

 This instruction should not be given in conjunction with the instructions pertaining to any felony in which the use of a weapon or firearm is an essential element.
 

 The requirement that the defendant personally carried, etc., the weapon comports with the holding in
 
 State v. Rodriguez,
 
 602 So.2d 1270 (Fla.1992), that a defendant’s offense may not be reclassified for a code-fendant’s possession of a firearm during a felony.
 

 This instruction was adopted in 1981 and amended in 2011.
 

 3.3(c) AGGRAVATION OF A FELONY BY COMMITTING AN AGGRAVATED BATTERY
 

 § 775.087(1), Fla. Stat.
 

 If you find that (defendant) committed (felony as identified by § 775.087(1), Fla. Stat.) and you also find beyond a reasonable doubt that during the commission of the crime the defendant committed an aggravated battery, you should find the defendant guilty of (felony) with an aggravated battery.
 

 Definition.
 

 “Aggravated battery” is legally defined as (read — applicable—instructions adapt, as required by the allegations and evidence, from Instructions 8.4 or 8.4(a)).
 

 If you find only that (defendant) committed (felony, as identified in § 775.087(1), Fla. Stat.) but did not-com-mtt but you are not convinced beyond a reasonable doubt that [he] [she] committed an aggravated battery, then you should find the defendant guilty only of (felony).
 

 Comments
 

 This instruction should not be given in conjunction with the instructions pertaining to any felony in which the use of a weapon or firearm is an essential element.
 

 This instruction was adopted July 1992 and amended in 2011.
 

 3.3(e) AGGRAVATION OF A FELONY BY WEARING A HOOD, MASK, OR OTHER DEVICE TO CONCEAL IDENTITY
 

 cS S
 
 jé
 
 ⅛ ■*« GO O
 
 16
 
 l> t-
 

 If you find that (defendant) committed (crime charged) and you also find beyond a reasonable doubt that (defendant) was personally wearing a hood, mask, or other device that concealed [his] [her] identity, you should find (defendant) guilty of (crime charged) while wearing a device that concealed [his] [her] identity.
 

 If you find only that (defendant) committed (crime charged) but did-not-wear you are not convinced beyond a reasonable doubt that [he] [she] personally wore a hood, mask, or other device that concealed [his] [her] identity, then you should find the defendant guilty only of (crime charged).
 

 Comments
 

 A defendant’s offense may not be reclassified under this provision unless he or she personally wore a device concealing his or her identity during the felony. See
 
 Wright v. State,
 
 810 So.2d 873 (Fla.2002).
 

 
 *149
 
 This instruction was adopted in July 1997 and amended in 2011,
 

 3.3(f) AGGRAVATION OF A CRIME BY SELECTING A VICTIM BASED ON PREJUDICE
 

 § 775.085, Fla. Stat.
 

 If you find that (defendant) committed (crime charged or a lesser included crime) and you also find beyond a reasonable doubt that (defendant)
 

 1. perceived, knew, or had reasonable ground to perceive or know (victim’s) [race] [color] [ancestry] [ethnicity] [religion] [sexual orientation] [national origin] [homeless status] [mental or physical disability] [physical disability] [advanced age], and
 

 2. intentionally selected (victim) because of that perception or knowledge,
 

 then you should find the defendant guilty of (crime charged or lesser included crime) aggravated by the intentional selection of the victim based on prejudice.
 

 If you find that the defendant committed (crime charged or a lesser included crime) beyond a reasonable doubt, but you are not convinced beyond a reasonable doubt that [he] [she] did so by intentionally selecting the victim based on prejudice, then you should find the defendant guilty of only (crime charged or a lesser included crime).
 

 Definitions. Give if applicable.
 

 “Mental or physical disability” means that the victim suffers from a condition of physical or mental incapacitation due to a developmental disability, organic brain damage, or mental illness, and has one or more physical or mental limitations that restrict the victim’s ability to perform the normal activities of daily living.
 

 “Advanced age” means that the victim is older than 65 years of age.
 

 “Homeless status” means the victim lacks a fixed, regular, and adequate nighttime residence; or has a primary nighttime residence that is either (1) a supervised publicly or privately operated shelter designed to provide temporary living accommodations or (2) a public or private place not designed for, or ordinarily used as, a regular sleeping accommodation for human beings
 

 Comments
 

 This instruction — is-.based on section -7-75;085, Florida Statutes (Supp.1998).
 

 Proof that the defendant intentionally selected the victim is required by the case ⅛⅞ — See
 
 State v. Stalder,
 
 630 So.2d 1072 (Fla.1994).
 

 This instruction was adopted in 1997 [697 So.2d 84] and amended in 2000 [765 So.2d 692] and 2007 [SC07-325, Corrected Opinion, August 30, 2007 965 So.2d 811] and 2011.
 

 [1]
 

 . The Committee proposes amendments to the following instructions: 28.6 — Fleeing to Elude a Law Enforcement Officer, 28.7— Fleeing to Elude a Law Enforcement Officer, Sirens and Lights Activated, 28.8 — Fleeing to Elude a Law Enforcement Officer, Siren and Lights Activated with High Speed or Reckless Driving, 28.81 — Fleeing to Elude a Law Enforcement Officer, Siren and Lights Activated with High Speed or Reckless Driving Causing Serious Bodily Injury or Death, 28.82 — Aggravated Fleeing or Eluding, Leaving a Crash Involving Injury or Death Then Causing Serious Bodily Injury or Death, 28.83 — Aggravated Fleeing or Eluding, Leaving a Crash Involving Damage to a Vehicle or Property Then Causing Serious Bodily Injury or Death, 28.84 — Aggravated Fleeing or Eluding, Leaving a Crash Involving Injury or Death Then Causing Injury or Property Damage to Another, 28.85 — Aggravated Fleeing or Eluding, Leaving a Crash Involving Damage to a Vehicle or Property Then Causing Injury or Property Damage to Another, 3.3(a) — Aggravation of a Felony by Carrying a Firearm, 3.3(b)— Aggravation of a Felony by Carrying a Weapon Other Than a Firearm, 3.3(c) — Aggravation of a Felony by Committing an Aggravated Battery, 3.3(e) — Aggravation of a Felony by Wearing a Hood, Mask, or Other Device to Conceal Identity, and 3.3(f) — Aggravation of a Crime by Selecting a Victim Based on Prejudice.
 

 [2]
 

 . The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court’s website at www. floridasupremecourt.org/jury_instructions/ instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.