DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARCUS JAMAL JERRY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-3921

[July 5, 2017]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Charles E. Burton, Judge; L.T. Case No. 502013CF010976C.

Fredrick R. Susaneck of Levine & Susaneck, P.A., Palm Springs, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

In this appeal from convictions and life sentences for two counts of first degree murder with a firearm while wearing a mask, two counts of attempted first degree murder with a firearm while wearing a mask, and one count of robbery with a firearm while wearing a mask, Appellant Marcus Jerry raises four issues for our consideration. We hold, without further discussion, that Appellant did not properly preserve his first issue on appeal, and we affirm without prejudice to Appellant raising his attorney's failure to preserve the arguments made with respect to this issue in a 3.850 post-conviction motion alleging ineffective assistance.[1] Otherwise, as discussed herein, we determine that Appellant's arguments on the remaining three issues are without merit, although we independently note a problem with Appellant's sentence separate from the issue raised by counsel. Our affirmance on this issue is without prejudice for Appellant to raise a post-conviction motion under Florida Rule of Criminal Procedure 3.800(a) or another appropriate rule to correct his

---

[1] We offer no opinion on the merits of such a motion should one be made.

sentence.

## Background

Early one morning, a convenience store was robbed. One man first cased the store to see who was present. After he left, two men, masked and armed, entered. Inside, the two masked men shot and killed two customers, shot at but missed two employees, and stole money from the register. When the two men returned to their vehicle, they drove away.

During law enforcement's investigation of these crimes, officers located the man who was seen on video casing the store. He claimed that there were four men involved—two other men were the masked men who entered the store, and Appellant was the getaway driver. The first man ("the Witness") then identified Appellant in two photographic line-ups.

Before the eventual severing of Appellant's case from the cases against the two actual shooters, Appellant filed a notice with the court stating that he "adopts and joins in any and all previously motions filed on behalf of any of the co-defendants in this case to what ever [sic] effect they may have on the above named defendant." The notice failed to specify any particular motion or motions Appellant sought to adopt. The trial court treated this notice as a motion and denied it without a hearing. The court found that the motion was "vague, non-specific and non-descript," and stated that the court "ha[d] no idea" which motions Appellant was attempting to adopt. The order did suggest, however, that the court would be receptive to a future motion by Appellant to adopt his co-defendants' motions if specific ones were identified by title or docket number. No future motion was ever filed.

The last piece of trial evidence relevant on appeal was the introduction of the line-up photos used by the Witness to identify Appellant. The latter objected to these photos only on the basis that the photos were overly prejudicial because they revealed a small facial tattoo which Appellant, with the court's permission, had attempted to hide from the jury throughout the trial.

The jury convicted Appellant on all counts. However, it found that Appellant did not actually possess a firearm or wear a mask, even while determining that he was guilty of the crimes "with a firearm while wearing a mask."

## Analysis

As noted above, we affirm Appellant's first issue (as to whether the trial court erred by admitting testimony regarding the contents of Appellant's cell phone and/or the historical phone records from Appellant's provider) without discussion, as this issue was not preserved in the trial court through a proper and timely objection on the specific legal ground raised on appeal. *Aills v. Boemi*, 29 So. 3d 1105, 1109 (Fla. 2010).

Appellant's second issue on appeal argues that the trial court erred by admitting the photo line-ups used by the Witness to identify Appellant. We review the trial court's determination for an abuse of discretion. *Mazza v. State*, 25 So. 3d 659, 661 (Fla. 4th DCA 2010). Defendant's argument in his briefs appeared to be that the identification process was unduly suggestive. *See id.* To the extent that this is his argument, we hold both that this issue was unpreserved[2] and that it is without merit.[3] However, at oral argument, Appellant's attorney clarified that his argument was solely regarding the prejudicial nature of the photographs. *See* § 90.403, Fla. Stat. (2015). Although this Court was able to locate the small tattoo on Appellant's face after a close examination of the photographs in the record, we cannot determine from the trial transcript whether this tattoo would have also been visible to the jury when they looked at Appellant's face in the courtroom.[4] The record does not clearly demonstrate that the trial court abused its discretion in determining that the probative value of the line-up photo was not substantially outweighed by the danger of unfair prejudice.

Appellant next argues that the trial court reversibly erred by denying his motion to adopt all motions filed by his co-defendants. Although he is correct that adoption by reference is a well-accepted practice, Appellant's motion in this case was not an adoption by reference so much as it was a request for the court to wade through the entire records of multiple cases searching for anything that might benefit Defendant. Although they arise from different circumstances, we adopt here the reasoning of *Simmons v. State*, 42 So. 3d 824 (Fla. 4th DCA 2010), and *Spera v. State*, 971 So. 2d 754 (Fla. 2007). In those cases, this Court and the Florida Supreme Court

[2] At trial, Appellant explicitly stated that he was only objecting to the introduction of the *photographs*, not to the introduction of the *identification*.

[3] The Witness testified that he knew Appellant "[p]retty much all his life" and that he was in the vehicle with Appellant while the crimes in this case occurred. Considering all the circumstances, there was not a "substantial likelihood of irreparable misidentification" even assuming the procedure was unnecessarily suggestive. *Mazza*, 25 So. 3d at 661.

[4] Defendant wore makeup to cover the tattoo, but the prosecutor said that it was still visible. The judge, however, suggested earlier that he could not see the tattoo even before the makeup was applied.

held that the appropriate disposition of a vague motion is to allow for a more precise motion to be made. *Simmons*, 42 So. 3d at 824; *Spera*, 971 So. 2d at 725. Here, that is exactly what happened. The trial court, justifiably unwilling to shoulder the heavy burden of performing the task expected of Appellant's counsel, denied Appellant's motion without prejudice and invited Appellant to re-file a motion which identified the specific motions of his co-defendants he sought to adopt. We affirm the trial court's handling of this matter.

Finally, Appellant argues that his convictions must be reversed because the jury was inconsistent in finding him guilty of the charged crimes while simultaneously finding that he did not possess a gun or wear a mask. "An inconsistent verdicts claim presents a pure question of law and is reviewed de novo." *Brown v. State*, 959 So. 2d 218, 220 (Fla. 2007). "As a general rule, inconsistent jury verdicts are permitted in Florida." *Id.* (quoting *State v. Powell*, 674 So. 2d 731, 732 (Fla. 1996)). The only exception to this rule is when "an acquittal on one count negates a necessary element for conviction on another count." *Id.* (quoting *Powell*, 674 So. 2d at 733). Here, because the jury did not acquit Appellant of anything, this exception does not apply.

Although Appellant's argued claim of error regarding his conviction is without merit, we recognize that the trial court may have improperly classified his attempted murder and robbery charges and/or illegally enhanced the sentences for those charges. In *State v. Rodriguez*, 602 So. 2d 1270 (Fla. 1992), the Florida Supreme Court held that section 775.087(1), Florida Statutes, which deals with enhancing a crime when a weapon is possessed, requires that the defendant be the actual person to possess the weapon. *Rodriguez*, 602 So. 2d at 1271. In *Wright v. State*, 810 So. 2d 873 (Fla. 2002), the court held the same with regard to section 775.0845, which enhances crimes when a mask is worn. *Wright*, 810 So. 2d at 874. Under this line of cases, Appellant's crimes apparently should have been scored without the firearm or mask enhancements because the jury found that he did not actually possess a firearm or wear a mask. *Rodriguez*, 602 So. 2d at 1271; *Wright*, 810 So. 2d at 874; *see also Ford v. State*, 145 So. 3d 202, 203 (Fla. 1st DCA 2014) (applying *Rodriguez*); *Juarez v. State*, 65 So. 3d 110, 111 (Fla. 4th DCA 2011) (same). As stated, however, Appellant has not raised this particular argument to this Court, and we are therefore unable to grant him relief at this time. Our affirmance on this point is without prejudice to Appellant filing a motion under Florida Rule of Criminal Procedure 3.800(a) to correct his sentence, a motion under Rule 3.850 alleging ineffective assistance of trial counsel for failing to bring this error to the attention of the trial court, or a petition under Florida Rule of Appellate Procedure 9.141(d) alleging ineffective assistance

of appellate counsel for failing to raise this issue in this Court.[5]

## Conclusion

We affirm this case in its entirety. Appellant failed to preserve his argument that his phone information should be suppressed, and we therefore do not reach the merits of that issue. We further conclude that the record does not demonstrate the trial court abused its discretion in determining that the line-up photograph was not unduly prejudicial and that the trial court did not err in denying Appellant's overbroad motion to adopt (especially because the trial court expressed a willingness to consider a more focused motion). Finally, although we hold that the verdicts in this case were not truly inconsistent, we recognize the apparent problem with the classification/enhancement of Appellant's crimes and affirm on this issue without prejudice to Appellant filing an appropriate motion addressing the problem.

*Affirmed.*

WARNER and DAMOORGIAN, JJ., concur.

\*   \*   \*

***Not final until disposition of timely filed motion for rehearing.***

---

[5] Again, we offer no opinion on the merits of any ineffective assistance claims that may be raised.

5